

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-1994

# United States v. Thomas

Precedential or Non-Precedential:

Docket 94-1542

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"United States v. Thomas" (1994). *1994 Decisions.* Paper 224.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/224

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-1542


UNITED STATES OF AMERICA

v.

AARON THOMAS,

Appellant


On Appeal from the United States Court of Appeals
for the Eastern District of Pennsylvania
(D.C. Crim. No. 93-00377)


Submitted under Third Circuit LAR 34.1(a)
December 19, 1994

BEFORE:  GREENBERG, SAROKIN, and WEIS, Circuit Judges

(Filed: December 20, 1994)

Michael R. Stiles
United States Attorney
Walter S. Batty, Jr.
Assistant United States Attorney
Chief of Appeals
Suzanne B. Ercole
Assistant United States Attorney
Suite 1250
615 Chestnut Street
Philadelphia, PA 19106

Attorneys for Appellee

David L. McColgin
Assistant Federal Defender
Elaine Demasse
Assistant Federal Defender
Senior Appellate Counsel
Maureen Kearney Rowley
Chief Federal Defender

Defender Association of
Philadelphia
Federal Court Division
437 Chestnut Street, Suite 800
Lafayette Building
Philadelphia, PA 19106

Attorneys for Appellant

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Aaron Thomas appeals from a judgment of conviction and sentence entered on April 26, 1994, sentencing him to a custodial term of 169 months to be followed by a three-year term of supervised release. The sentence also included a provision for restitution not implicated on this appeal. The court imposed the sentence on Thomas' conviction based on a plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a). Through the application of the career offender section of the Sentencing Guidelines, his guideline range was established as 151 to 188 months predicated on a total offense level of 29. See U.S. Sentencing Guidelines § 4B1.1 (1993). Without the career offender designation, his total offense level would have been 22.

Thomas' career offender status was calculated on the basis of two convictions, a 1987 burglary conviction in Philadelphia and a 1992 robbery conviction in Bucks County, Pennsylvania, both convictions having been based on pleas of guilty. As he did in the district court, Thomas challenges the use of his 1992 conviction for robbery to fix his status as a career offender. He predicates this argument on the contentions

that he believed in 1992 that he was pleading guilty only to theft and that the state judge failed to inform him of several of his constitutional rights when he pleaded guilty.  The district court found that the state convictions were valid.

We reject Thomas' argument.  In Custis v. United States, 114 S.Ct. 1732 (1994), the Supreme Court held that except when a conviction is obtained in violation of a defendant's right to counsel, a defendant has no constitutional or statutory grounds to attack collaterally the validity of previous state convictions cited to enhance his sentence under the Armed Career Criminal Act.  18 U.S.C. § 924(e).  We previously had held in United States v. Brown, 991 F.2d 1162 (3d Cir. 1993), that the Sentencing Guidelines grant discretion to district courts to entertain constitutional challenges at sentencing to prior convictions used to establish criminal histories.  But we reached this conclusion on the authority of a background note to U.S. Sentencing Guideline § 4A1.2 which we construed to mean "that the courts should work out their own procedural rules regarding efforts by defendants to challenge convictions not previously held unconstitutional."  Brown, 991 F.2d at 1166.  Thus, we did not conclude in Brown that either the Guidelines or the Constitution itself compelled us to permit constitutional challenges to prior convictions used to establish criminal histories under the guidelines.[1]

---

[1].  The background note on which we relied in United States v. Brown recited that the Sentencing "Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction."  This note was deleted

*Custis*, of course, has altered the situation with respect to challenges to prior convictions.  Furthermore, we see no principled way to distinguish a challenge to a prior conviction used to justify an enhancement under the guidelines from a prior conviction used to justify an enhancement under the Armed Career Criminal Act.  *Custis* teaches that unless the statute under which the defendant is sentenced explicitly provides the right to attack collaterally prior convictions used to enhance the sentence, no such right should be implied. *Custis*, 114 S.Ct. at 1736 (contrasting the Armed Career Criminal Act with other statutes "expressly permit[ting] repeat offenders to challenge prior convictions that are used for enhancement purposes").  In *Brown* itself we acknowledged that U.S. Sentencing Guideline § 4A1.2 provides no such right explicitly, but only authorizes courts to work out their own procedural rules.  *Brown*, 991 F.2d at 1166.  In the absence of such explicit authorization, Guideline 4A1.2 stands in the same posture as the Armed Career Criminal Act addressed in *Custis*.

Consequently, we will follow the lead of the Supreme Court by holding that a district court, when sentencing a

(..continued)
effective November 1, 1993, when the Commission amended application note 6 to section 4A1.2 to provide that "With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any rights otherwise recognized in law (e.g., 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions)."  We, however, are treating this case as though the deleted note was still in the commentary and thus rely on *Custis* and not the amendment to the commentary to reach our result.

defendant classified as a career offender under section 4B1.1, cannot entertain a constitutional challenge to the underlying convictions except in a case in which the defendant's right to counsel had been denied.  In reaching this result, we join the other courts of appeal which have declined to distinguish section 4B1.1 from the Armed Career Criminal Act for the purpose of considering challenges to prior convictions.  United States v. Garcia, ___ F.3d ___, ___, No. 94-5028 (10th Cir. 1994); United States v. Killion, 30 F.3d 844, 846 (7th Cir. 1994); United States v. Jones, 28 F.3d 69, 70 (8th Cir. 1994); United States v. Jones, 27 F.3d 50, 51-52 (2d Cir.), cert. denied, 115 S.Ct. 377 (1994).  See also United States v. Munoz, 36 F.3d 1229, 1237-38 (1st Cir. 1994); United States v. Ullyses-Salazar, 28 F.3d 932, 939 (9th Cir. 1994).

In addition to distinguishing section 4B1.1 from the Armed Career Criminal Act, Thomas seeks to avoid Custis on two other bases.  First, he contends that inasmuch as the government did not urge in the district court that he could not challenge the 1992 conviction, it cannot make that contention now.  We reject this contention because the Supreme Court decided Custis after the court sentenced Thomas, and the government was not obliged to make an argument in the district court barred by Brown.  We also observe that the government raises Custis to affirm rather than to reverse the judgment from which the appeal was taken.  We think that whatever might be true in other situations, in this unusual case in which the Supreme Court effectively changed the law after the completion of the district

court proceedings, the government should be permitted to rely on the new ruling to uphold the district court's judgment.

Second, Thomas contends that Custis does not preclude a challenge to a prior conviction itself in a state or federal habeas corpus proceeding nor, in his view, does it preclude a federal habeas corpus attack to an enhanced sentenced predicated on an invalid prior conviction. See Nichols v. United States, 114 S.Ct. 1921, 1937 (1994) (Ginsburg, J., dissenting); Custis, 114 S.Ct. at 1746 (Souter, J., dissenting). We, however, have no reason to address those possibilities. The only issue before us is whether at the time of the sentencing the district court may entertain constitutional challenges to underlying convictions used to enhance sentences. We conclude that, except in cases in which a conviction was obtained in violation of a defendant's right to counsel, we should follow Custis and hold that such challenges are precluded in cases under section 4B1.1.

The judgment of conviction and sentence of April 26, 1994, will be affirmed.