UNITED STATES of America, Appellee,

v.

Cherie BROWN a/k/a Cherie Sloan, Appellant.

No. 92–7353.

United States Court of Appeals, Third Circuit.

Argued Jan. 29, 1993.

Decided April 30, 1993.

---

John S. Malik (Argued), Wilmington, DE, for appellant.

William C. Carpenter, Jr., U.S. Atty., Beth Moskow–Schnoll (Argued), Asst. U.S. Atty., U.S. Attorney's Office, Wilmington, DE, for appellee.

Before: BECKER and ALITO, Circuit Judges and ATKINS, District Judge [*].

* The Honorable C. Clyde Atkins, Senior United States District Judge for the Southern District of Florida, sitting by designation.

## OPINION OF THE COURT

ALITO, Circuit Judge:

Cherie Brown pled guilty to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. Under U.S.S.G. § 4B1.1, she was classified as a "career offender," and this affected her sentence. She now appeals her sentence, arguing that two of the prior felony convictions on which her career offender classification was based are constitutionally invalid because she was denied the effective assistance of counsel at the time of those convictions. She contends that the district court erroneously believed that it lacked the authority to permit her to attack the constitutionality of those convictions as part of her sentencing proceeding. We hold that, under the current version of the Guidelines, a sentencing judge has authority to permit such constitutional challenges. From the record in this case, it appears that the district court may not have realized that it possessed this authority. We therefore vacate Brown's sentence and remand for further sentencing proceedings.

### I.

The career offender provision of the Guidelines, U.S.S.G. § 4B1.1, provides in pertinent part as follows:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

If a defendant satisfies these requirements, his or her sentence may be greatly increased. Every career offender is placed in the highest criminal history category, Category VI, and the offender's offense level is also often increased. *See* U.S.S.G. § 4B1.1.

In the present case, the district court classified Brown as a career offender, finding that all three elements of the test set out in U.S.S.G. § 4B1.1 were satisfied. As the court found, Brown was more than 18 years old when she committed the instant offense; the instant offense is a felony that is a controlled substance offense; and Brown had three prior felony convictions for controlled substance offenses. These prior convictions were as follows: (1) she pled guilty in 1985 in the Supreme Court of New York for the First Judicial District (New York County) to a charge of attempted third-degree criminal sale of a controlled substance (heroin) ("the 1985 state conviction"); (2) she pled guilty in 1986 in the United States District Court for the Southern District of New York to a charge of possession of heroin with intent to distribute ("the 1986 federal conviction"); and (3) she pled guilty in 1987 in the United States District Court for the Southern District of New York to a charge of conspiracy to distribute heroin ("the 1987 federal conviction"). Any two out of these three convictions would suffice to classify her as a career offender.

Brown does not challenge the constitutionality of the 1987 federal conviction, but she does attack the 1985 state conviction and the 1986 federal conviction. If neither of these latter convictions or the events underlying them were considered in any way,[1] her sentencing range under the Guidelines would be substantially lower.[2]

---

1. U.S.S.G. § 4A1.2, Application Note 6, states that "the criminal conduct underlying any conviction that is not counted in the criminal history category score may be considered pursuant to § 4A1.3 (Adequacy of Criminal History Category)." Thus, even if the sentencing court concluded that both of these convictions had been unconstitutionally obtained, to the extent it also concluded that reliable information showed that Brown had actually done the acts charged by the unconstitutionally obtained convictions, it would be entitled to consider departing upward from the Guidelines range on the ground that her "criminal history category [did] not adequately reflect the seriously of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3.

2. Her classification as a career offender resulted in an adjusted offense level of 30 and a criminal history category of VI, yielding a Guidelines sentencing range of 168–210 months. The district court sentenced her to 210 months, the

Brown claims that both the 1985 state conviction and the 1986 federal conviction are unconstitutional because she was induced to plead guilty by counsel with conflicts of interest that resulted in the denial of her constitutional right to the effective assistance of counsel. Her attorney in the proceedings leading to the 1986 federal conviction was William T. Martin, and her counsel in the proceedings leading to the 1985 state conviction was Mark Weinstein, then Martin's law partner. In 1989, Martin was indicted by a federal grand jury on nine counts of tax evasion, perjury, and distribution of cocaine. He eventually reached an agreement with the government under which he pled guilty to several tax charges and a misdemeanor cocaine possession charge, and the government dropped the remaining counts. Weinstein, meanwhile, had pled guilty to one tax evasion count and was cooperating with the government in the prosecution of Martin.

Both Martin's and Weinstein's crimes allegedly grew out of their involvement with a former client, James Jackson, a major heroin trafficker now serving a lengthy federal prison sentence. From 1983 to 1986, Brown was a "crew member" of Jackson's heroin distribution enterprise. She alleges that Jackson selected Weinstein and Martin to be her counsel, that Jackson paid them for representing her, that Jackson instructed her to do whatever they told her to do, and that their recommendations that she enter guilty pleas were inspired by their loyalty to Jackson as their paymaster rather than to Brown as their actual client.

## II.

■ None of Brown's prior felony convictions has been held invalid, but Brown contends that the district court, in determining whether to consider those convictions under the career offender provision, possessed the discretion to entertain her claim that two of them were unconstitutional. We agree with this interpretation of the Guidelines.

As previously noted, the career offender provision requires two prior "convictions" for covered offenses. U.S.S.G. § 4B1.1. The terms used in U.S.S.G. § 4B1.1 are defined in U.S.S.G. § 4B1.2. Application Note 4 of the latter provision in turn provides that U.S.S.G. § 4A1.2 is "applicable to the counting of convictions under [U.S.S.G.] § 4B1.1." The body of U.S.S.G. § 4A1.2 generally specifies those prior convictions that are and those that are not counted under the Guidelines, but the body of this provision says nothing about convictions that a defendant claims are constitutionally invalid. Instead, this important subject is discussed in commentary following the body of this provision.

Prior to November 1, 1990, Application Note 6 to U.S.S.G. § 4A1.2 specified that "[c]onvictions which the defendant shows to have been constitutionally invalid may not be counted" for federal sentencing purposes. Since 1990, however, this application note has stated (emphasis added):

> [S]entences resulting from convictions that a defendant shows *to have been previously ruled constitutionally invalid* are not to be counted.

Read alone, this language seems to suggest that all convictions not "previously ruled constitutionally invalid" should be counted. At the same time as the 1990 amendment of the Application Note, however, the Commission added the following pronouncement as "Background":

> The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction.

The courts of appeals have struggled with the task of interpreting this background note and harmonizing it with Application Note 6. Most of the courts of ap-

---

maximum possible without an upward departure. If the career offender provisions did not apply, the Probation Officer's calculations show that she would have an adjusted offense level of 26 and a criminal history of category V. This would yield a sentencing range of 110–137

months imprisonment. Furthermore, if the criminal history points attributable to the two challenged convictions are canceled out, her criminal history would drop to category IV, yielding a sentencing range of 92–115 months.

peals have reached the conclusion that these provisions give sentencing courts the discretion to consider or to refuse to consider attacks on prior convictions not previously ruled unconstitutional. *United States v. French,* 974 F.2d 687, 701 (6th Cir.1992), *cert. denied,* — U.S. —, —, 113 S.Ct. 1012, 1431, 122 L.Ed.2d 160 (1993); *United States v. Canales,* 960 F.2d 1311, 1315 (5th Cir.1992); *United States v. Jakobetz,* 955 F.2d 786, 806 (2d Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992); *United States v. Cornog,* 945 F.2d 1504, 1511 (11th Cir.1991). *See also United States v. Jones,* 907 F.2d 456 (4th Cir.1990), *cert. denied sub nom. Johnson v. United States,* 498 U.S. 1029, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991) (pre-1990 version). The government's brief in this case endorses this view. *See* Appellee's Br. at 13. On the other hand, the Eighth Circuit has held that a sentencing court may not entertain challenges to convictions that have not previously been held unconstitutional. *United States v. Hewitt,* 942 F.2d 1270, 1276 (8th Cir.1991). Recently, the Ninth Circuit seems to have held that the Guidelines do not authorize a defendant to attack convictions not previously held unconstitutional but that the Constitution itself "requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing." *United States v. Vea–Gonzales,* 986 F.2d 321, 327 (9th Cir. 1993).

These varying interpretations are hardly surprising in light of the ambiguities in Application Note 6 and the background note of U.S.S.G. § 4A1.2. Indeed, it seems to us that there are two reasonable interpretations of these provisions.

First, it is reasonable to read these provisions to mean, as Application Note 6 seems to suggest, that the Guidelines neither authorize a sentencing court to entertain constitutional challenges to convictions not previously ruled unconstitutional nor prohibit it from doing so. Under this interpretation, the statement in the background note—"The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing

a prior conviction"—would mean that, although the Commission was not authorizing constitutional challenges to prior convictions, it recognized that the Constitution may entitle defendants to make such challenges under some circumstances. Consequently, under this interpretation, the background note would leave it for the courts to decide when a defendant is constitutionally entitled to attack a prior conviction not previously ruled unconstitutional, but that such convictions must be counted for criminal history purposes if it is constitutionally possible to do so.

While this interpretation is reasonable, we do not regard it as the one the Commission most likely intended. We find it significant that the background note makes no express reference to the Constitution or constitutional questions. If the Commission had wanted to say that it was leaving it for the courts to decide when a defendant is constitutionally entitled to attack a prior conviction, we think that the Commission would have used the term "constitutional" or some cognate term. Finally, the phrase "The Commission *leaves* for court determination" (U.S.S.G. § 4A1.1 (Background note) (emphasis added)) seemingly implies that the Commission could have made the relevant determination itself if it had wished, but the Commission has no mandate to decide constitutional questions in a manner binding on the courts.

For these reasons, we do not think that the background note was intended to refer to the courts' authority to decide constitutional questions. Rather, it seems more likely, as most of the other courts of appeals have held, that the background note was meant to say that the courts should work out their own procedural rules regarding efforts by defendants to challenge convictions not previously held unconstitutional. If the Commission did not intend this interpretation, it can very easily clarify its intent when it next promulgates Guidelines amendments.

### III.

While the government agrees that the district court had the authority to con-

sider Brown's constitutional attack upon two of her prior convictions, the government contends that Brown's attorney never actually asked the district court to rule that the prior convictions were invalid but instead merely asked the court to preserve his client's right to argue at some future date for a sentence reduction in the event that she attacked those convictions successfully in another forum. We have carefully examined the transcript of the sentencing proceeding, and we find the entire discussion of the issue before us to be ambiguous. This is hardly surprising in light of the ambiguities in the underlying provisions of the guidelines and the newness of the issue in this circuit. In any event, we are unwilling to hold, based on the record before us, that Brown's attorney failed to raise the issue in the trial court. Similarly, because of the ambiguities in the record, we are not sure that the trial court realized that it possessed the authority to entertain Brown's constitutional challenges. Accordingly, we believe it is appropriate to vacate Brown's sentence and to remand for further sentencing proceedings.

On remand, the district court should determine, in the sound exercise of its discretion, whether Brown's constitutional challenges should be entertained. In *United States v. Jones*, 977 F.2d 105, 110–11 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1335, 122 L.Ed.2d 719 (1993), the Fourth Circuit recently discussed in detail the procedures that a sentencing court should follow and the factors it should consider in making this determination, and we generally agree with this excellent discussion.

 As the *Jones* court observed (*id.* at 110) (citation omitted):

[T]he defendant should be required, early on, to identify the precise constitutional challenge intended. Next, he should be required to identify the anticipated means by which proof of invalidity will be attempted—whether by documentary evidence, including state court records, testimonial evidence, or a combination— with an estimate of the process and the time needed to obtain the required evidence. At this point, a court might well make a preliminary decision whether to entertain any further the challenge as identified, including the anticipated process for obtaining and making proof.

If such a proffer is made, the court should consider the following factors in deciding whether to entertain the claim: first, whether the defendant has alternative avenues for challenging the relevant prior convictions and, second, whether the defendant's challenges can be litigated fairly without unduly burdening the court, the government, the representatives of the jurisdictions in which the prior convictions were obtained, and any witnesses whose testimony will be required.[3] As the *Jones* court noted (*id.* at 110–11) (citation omitted):

To the extent the proof forecast is represented to be readily available, to be in official documentary form, and to be dispositive of invalidity as a matter of law, its consideration obviously is indicated. In such a circumstance, negative factors such as lapse of time, distance from the state forum, lack of corroborating testimonial evidence, and even the continued availability of habeas or post-conviction remedies should have little if any weight. To require a defendant under such circumstances to go the alternative route of a § 2254 challenge, which might require preliminary exhaustion of state remedies, followed by a § 2255 at-

---

**3.** Should the district court decide on remand to reach the merits of Brown's ineffective assistance claims, any determination that it might make that the 1985 state conviction was unconstitutional would, of course, be made only for purposes of determining Brown's sentence for her current offense. The State of New York, which obviously has an independent interest in litigating the constitutionality of a conviction obtained by a New York state prosecutor in New York state court, is not a party to the case now before us. Accordingly, that state will not be bound by the judgment. While New York might very well decide to follow the conclusion of the United States District Court for the District of Delaware as to the constitutionality of Brown's 1985 New York state conviction as a matter of comity, it would not be under any federal constitutional obligation to do so.

tack on the enhanced federal sentence, makes no sense, and obviously runs counter to basic concerns for judicial economy. A prime example of such a circumstance is, of course, an uncounselled, hence unconstitutional, state court conviction, whose invalidity appears from available state court records.

On the other hand, to the extent the challenge identified is one dependent upon proof of historical facts likely to be in dispute; the forecast means of proof is by testimonial evidence from witnesses not yet located or verified; the dispositive facts relate to events distant in time and place; and the estimate of time required to obtain proof indicates a protracted delay in imposing sentence, a discretionary decision not to entertain the proposed challenge obviously would be justified. Though the continued availability of habeas or post-conviction remedies would make such a discretionary decision even more solid, that should not be decisive.

These are the extreme situations. There are of course countless variants in between. But the factors to be weighed are those obvious ones that pretty clearly dictate the exercise of discretion in these two examples at opposite ends of the spectrum.[4]

■ In the present case, Brown, as noted, contends that two of her prior convictions are invalid because she was denied the effective assistance of counsel due to conflicts of interest on the part of her attorneys. In order to establish such a claim, she must satisfy the two-part test of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

■ When a defendant challenges a guilty plea based on the alleged ineffectiveness of counsel, the second part of the test generally

> focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985) (footnote omitted).

The Supreme Court has also stated, however, that when an ineffective assistance of counsel claim is based on an alleged conflict of interest on the part of trial counsel, prejudice is presumed "if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067 (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980)). *See also Burger v. Kemp,* 483 U.S. 776, 783, 107 S.Ct. 3114, 3120, 97 L.Ed.2d 638 (1987); *United States v. Preston,* 910 F.2d 81, 87–90 (3d Cir.1990), *cert. denied,* 498 U.S. 1103, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991).

We will not attempt here to explain precisely how these precedents fit together when a defendant who pled guilty asserts an ineffective assistance of counsel claim based on an alleged conflict of interest on the part of counsel. We are convinced that if Brown wishes to pursue her constitutional challenges on remand, she should at the outset make a proffer specifying how she intends to prove (a) that it was in her interest not to plead guilty, (b) that it was in the interest of Jackson, the head of the

---

**4.** In *Jones,* the Fourth Circuit was dealing with the earlier version of the Application Note, but we think the same approach applicable to cases under the current text.

ring, for her to plead guilty, and (c) that an actual conflict of interest adversely affected her lawyer's performance.

## IV.

In conclusion, we vacate Brown's sentence and remand for further proceedings in accordance with this opinion.