UNITED STATES of America

v.

Aaron THOMAS, Appellant.

No. 94–1542.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
LAR 34.1(a) Dec. 19, 1994.

Decided Dec. 20, 1994.

Michael R. Stiles, U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Suzanne B. Ercole, Asst. U.S. Atty., Philadelphia, PA, for appellee.

David L. McColgin, Asst. Federal Defender, Elaine Demasse, Asst. Federal Defender, Sr. Appellate Counsel, Maureen Kearney Rowley, Chief Federal Defender, Defender Ass'n of Philadelphia, Federal Court Div. Philadelphia, PA, for appellant.

Before: GREENBERG, SAROKIN, and WEIS, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Aaron Thomas appeals from a judgment of conviction and sentence entered on April 26, 1994, sentencing him to a custodial term of 169 months to be followed by a three-year term of supervised release. The sentence also included a provision for restitution not implicated on this appeal. The court imposed the sentence on Thomas' conviction based on a plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a). Through the application of the career offender section of the Sentencing Guidelines, his guideline range was established as 151 to 188 months predicated on a total offense level of 29. *See* U.S. Sentencing Guidelines § 4B1.1 (1993). Without the career offender designation, his total offense level would have been 22.

Thomas' career offender status was calculated on the basis of two convictions, a 1987 burglary conviction in Philadelphia and a

1992 robbery conviction in Bucks County, Pennsylvania, both convictions having been based on pleas of guilty. As he did in the district court, Thomas challenges the use of his 1992 conviction for robbery to fix his status as a career offender. He predicates this argument on the contentions that he believed in 1992 that he was pleading guilty only to theft and that the state judge failed to inform him of several of his constitutional rights when he pleaded guilty. The district court found that the state convictions were valid.

We reject Thomas' argument. In *Custis v. United States*, — U.S. —, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court held that except when a conviction is obtained in violation of a defendant's right to counsel, a defendant has no constitutional or statutory grounds to attack collaterally the validity of previous state convictions cited to enhance his sentence under the Armed Career Criminal Act. 18 U.S.C. § 924(e). We previously had held in *United States v. Brown*, 991 F.2d 1162 (3d Cir.1993), that the Sentencing Guidelines grant discretion to district courts to entertain constitutional challenges at sentencing to prior convictions used to establish criminal histories. But we reached this conclusion on the authority of a background note to U.S. Sentencing Guideline § 4A1.2 which we construed to mean "that the courts should work out their own procedural rules regarding efforts by defendants to challenge convictions not previously held unconstitutional." *Brown*, 991 F.2d at 1166. Thus, we did not conclude in *Brown* that either the Guidelines or the Constitution itself compelled us to permit constitutional challenges to prior convictions used to establish criminal histories under the guidelines.[1]

■ *Custis*, of course, has altered the situation with respect to challenges to prior convictions. Furthermore, we see no principled way to distinguish a challenge to a prior conviction used to justify an enhancement under the guidelines from a prior conviction used to justify an enhancement under the Armed Career Criminal Act. *Custis* teaches that unless the statute under which the defendant is sentenced explicitly provides the right to attack collaterally prior convictions used to enhance the sentence, no such right should be implied. *Custis*, — U.S. at —, 114 S.Ct. at 1736 (contrasting the Armed Career Criminal Act with other statutes "expressly permit[ting] repeat offenders to challenge prior convictions that are used for enhancement purposes"). In *Brown* itself we acknowledged that U.S. Sentencing Guideline § 4A1.2 provides no such right explicitly, but only authorizes courts to work out their own procedural rules. *Brown*, 991 F.2d at 1166. In the absence of such explicit authorization, Guideline § 4A1.2 stands in the same posture as the Armed Career Criminal Act addressed in *Custis*.

■ Consequently, we will follow the lead of the Supreme· Court by holding that a district court, when sentencing a defendant classified as a career offender under section 4B1.1, cannot entertain a constitutional challenge to the underlying convictions except in a case in which the defendant's right to counsel had been denied. In reaching this result, we join the other courts of appeals which have declined to distinguish section 4B1.1 from the Armed Career Criminal Act for the purpose of considering challenges to prior convictions. *United States v. Garcia*, 42 F.3d 573 (10th Cir.1994); *United States v. Killion*, 30 F.3d 844, 846 (7th Cir.1994); *United States v. Jones*, 28 F.3d 69, 70 (8th Cir.1994); *United States v. Jones*, 27 F.3d 50, 51–52 (2d Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 377, 130 L.Ed.2d 327 (1994). *See also United States v. Munoz*, 36 F.3d

---

1. The background note on which we relied in *United States v. Brown* recited that the Sentencing "Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." This note was deleted effective November 1, 1993, when the Commission amended application note 6 to section 4A1.2 to provide that "With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any rights otherwise recognized in law (*e.g.*, 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions)." We, however, are treating this case as though the deleted note was still in the commentary and thus rely on *Custis* and not the amendment to the commentary to reach our result.

1229, 1237–38 (1st Cir.1994); *United States v. Ullyses–Salazar,* 28 F.3d 932, 939 (9th Cir.1994).

■ In addition to distinguishing section 4B1.1 from the Armed Career Criminal Act, Thomas seeks to avoid *Custis* on two other bases. First, he contends that inasmuch as the government did not urge in the district court that he could not challenge the 1992 conviction, it cannot make that contention now. We reject this contention because the Supreme Court decided *Custis* after the court sentenced Thomas, and the government was not obliged to make an argument in the district court barred by *Brown.* We also observe that the government raises *Custis* to affirm rather than to reverse the judgment from which the appeal was taken. We think that whatever might be true in other situations, in this unusual case in which the Supreme Court effectively changed the law after the completion of the district court proceedings, the government should be permitted to rely on the new ruling to uphold the district court's judgment.

Second, Thomas contends that *Custis* does not preclude a challenge to a prior conviction itself in a state or federal habeas corpus proceeding nor, in his view, does it preclude a federal habeas corpus attack to an enhanced sentence predicated on an invalid prior conviction. *See Nichols v. United States,* —— U.S. ——, ——, 114 S.Ct. 1921, 1937, 128 L.Ed.2d 745 (1994) (Ginsburg, J., dissenting); *Custis,* —— U.S. at ——, 114 S.Ct. at 1746 (Souter, J., dissenting). We, however, have no reason to address those possibilities. The only issue before us is whether at the time of the sentencing the district court may entertain constitutional challenges to underlying convictions used to enhance sentences. We conclude that, except in cases in which a conviction was obtained in violation of a defendant's right to counsel, we should follow *Custis* and hold that such challenges are precluded in cases under section 4B1.1.

The judgment of conviction and sentence of April 26, 1994, will be affirmed.