

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2000

# United States v. Escobales

Precedential or Non-Precedential:

Docket 99-5997

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Escobales" (2000). *2000 Decisions.* Paper 143.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 10, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-5997

UNITED STATES OF AMERICA

v.

CESAR ESCOBALES, Appellant

On Appeal From the United States District Court
For the District of Delaware
(D.C. Crim. No. 99-cr-00006)
District Judge: Honorable Sue L. Robinson

Submitted Under Third Circuit LAR 34.1(a)
June 15, 2000

Before: BECKER, Chief Judge, ALDISERT, Circuit Judges
and O'KELLEY, District Judge.*

(Filed: July 10, 2000)

     JOSEPH A. HURLEY, ESQUIRE
     1215 King Street
     Wilmington, DE 19801

Counsel for Appellant

_____

* Honorable William C. O'Kelley, United States District Judge for the
Northern District of Georgia, sitting by designation.

          CARL SCHNEE, ESQUIRE
          United States Attorney
          RICHARD G. ANDREWS, ESQUIRE
          First Assistant United States
           Attorney
          Chase Manhattan Centre
          1201 Market Street, Suite 1100
          P.O. Box 2046
          Wilmington, DE 19899-2046

          Counsel for Appellee

OPINION OF THE COURT

BECKER, Chief Judge.

The relevance of past convictions to sentences for current crimes has been one of the most frequently litigated issues under the regime of the federal sentencing guidelines. One vein in this seemingly limitless mine of jurisprudence is whether and when a federal defendant can bring a collateral attack challenging the constitutional validity of past convictions during his federal sentencing proceedings. The Supreme Court and this court have rejected such collateral attacks in Custis v. United States , 511 U.S. 485 (1994), and United States v. Thomas, 42 F.3d 823 (3d Cir. 1994), while recognizing two circumstances in which such attacks may be brought: (1) where the statute or sentencing guideline under which the defendant was sentenced provides for the right to bring such a collateral attack at sentencing; and (2) when the defendant's collateral attack, at sentencing, is based on an allegation that his right to counsel, as described in Gideon v. Wainwright , 372 U.S. 335 (1963), was violated during the underlying state court proceeding.

This appeal, which arises out of a cocaine distribution case in which the defendant pled guilty to violating 21 U.S.C. SS 841(a)(1) and 841(b)(1)C, extracts more ore from the Custis and Thomas vein. It presents the narrow question whether a defendant, during sentencing, can lodge a collateral attack based on an alleged denial of his sixth-

amendment right to a jury trial, thereby challenging the constitutionality of an underlying state-court conviction used to calculate his United States Sentencing Guidelines Criminal History Category under U.S.S.G. S 4A1.1. Because neither 21 U.S.C. S 841 nor U.S.S.G. S 4A1 explicitly provides defendants the right to make a collateral challenge during federal sentencing proceedings, and because the defendant's constitutional challenge is not based on an alleged Gideon violation, we hold that the District Court properly refused to entertain the defendant's collateral attack. We will therefore affirm the judgment of the District Court.

I.

On June 29, 1999, Cesar Escobales pled guilty to distributing 112.4 grams of cocaine in violation of 21 U.S.C. SS 841(a)(1) and 841(b)(1)C. The United States Probation Office for the District of Delaware prepared a pre-sentence investigation report ("the PSI"), which was revised to reflect objections made by Escobales's counsel. The Probation Office calculated Escobales's base offense level at 18, but reduced the overall offense level to 15 because of acceptance of responsibility. The Probation Office determined that Escobales had 4 criminal history points, pursuant to U.S.S.G. S 4A1.1-2 points based on two prior state convictions and 2 points because he committed the instant offense while on probation. According to the table at Chapter 5, Part A of the U.S.S.G., a defendant with 4 criminal history points is in criminal history category III. The sentencing range for a defendant with a criminal history of category III and an offense level of 15 is 24 to 30 months.

Escobales objected to the PSI's inclusion of one of his state convictions. He submitted that one of the two convictions--a third-degree assault charge--was obtained in violation of his constitutional right to trial by jury, because he pled guilty to the crime without first being made aware of his right to a jury trial by the state judge receiving his uncounseled plea.1 Had this assault conviction not been

_____

1. Because we ultimately decide that we cannot reach the merits of this argument, we do not describe the legal precepts involved or the

included in Escobales's criminal history calculation, he would have had 3 criminal history points, his criminal history category would have been II, and his sentencing range would have been 21 to 27 months.

The revised PSI accounted for Escobales's objection, and the Probation Office recommended rejecting it in light of this court's decision in United States v. Thomas , 42 F.3d 823 (3d Cir. 1994). Thomas held that "when sentencing a defendant classified as a career offender under section 4B1.1" of the Sentencing Guidelines, a district court, "cannot entertain a constitutional challenge to the underlying convictions" unless (1) "the statute under which the defendant is sentenced explicitly provides the right to attack collaterally prior convictions used to enhance the sentence;" or (2) the constitutional challenge to the underlying conviction is based on a claim that "the defendant's right to counsel has been denied." Id. at 824 (citing Custis v. United States, 511 U.S. 485, 491-92 (1994)) (emphasis added). The defendant's remedy in such a case is to challenge the conviction in state court or tofile a 28 U.S.C. S 2254 petition to attack collaterally the underlying state conviction. See Custis, 511 U.S. at 497. Should either of these challenges prove successful, the defendant can then "apply for reopening of any federal sentence enhanced by the state sentence" or file a 28 U.S.C.S 2255 petition challenging his federal sentence. Id.

At Escobales's sentencing hearing, the Government argued that neither of Thomas's two preconditions for collaterally attacking an underlying state conviction during a federal sentencing hearing was present in Escobales's case. The Government also argued that, although Escobales was being punished pursuant to a different statute and guideline from the defendant in Thomas, the statutes and

_____

surrounding facts in detail. We do note, however, that gravamen of Escobales's complaint is that the state family court judge who received his plea did not inform him that if he refused to plead guilty to the assault charge, he could appeal any conviction arising out of a bench trial before the family court to the superior court, where he would be entitled to a de novo trial before a jury.

guidelines in the two cases were functional equivalents.2
The Government therefore contended that, based on
Thomas, it was appropriate for the District Court to
consider the challenged conviction in sentencing Escobales,
and that Escobales's constitutional challenge was being
lodged at the wrong stage of the proceedings and in the
wrong forum.

The District Court adopted this reasoning and sentenced
Escobales to 24 months in prison. The Court also imposed
a fine and ordered that Escobales comply with certain post-
release conditions. This appeal followed. The District Court
had jurisdiction pursuant to 18 U.S.C. S 3231. This court's
jurisdiction is founded in 28 U.S.C. S 1291 and 18 U.S.C.
S 3742(a)(2).

II.

A.

Escobales makes two arguments on appeal. First, he
contends that his being denied his right to a jury trial is on
a par with being denied the right to counsel, and therefore,
that he should be able to attack collaterally his state
conviction during his federal sentencing proceedings. In
Custis, the Supreme Court rejected this type of argument:

> Custis invites us to extend the right to attack
> collaterally prior convictions used for sentence
> enhancement beyond the right to have appointed
> counsel established in Gideon [v. Wainwright, 372 U.S.
> 335 (1963)]. We decline to do so. We think that [the]
> . . . failure to appoint counsel for an indigent defendant
> [is] a unique constitutional defect. Custis attacks his
> previous convictions claiming the denial of the effective
> assistance of counsel, that his guilty plea was not

_____

2. Thomas involved a defendant who pled guilty to bank robbery, 18
U.S.C. S 2113(a), and whose offense level and criminal history category
were increased, pursuant to U.S.S.G. S 4B1.1, because of his career
offender status. See 42 F.3d at 823. Escobales pled guilty to distributing
cocaine and was not classified as a career offender. Rather his criminal
history category was calculated pursuant to U.S.S.G.S 4A1.

knowing and intelligent, and that he had not been adequately advised of his rights in opting for a "stipulated facts" trial. None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all.

511 U.S. at 496 (emphasis added).

Thomas read Custis to mean that only Gideon violations could be attacked collaterally during federal sentencing proceedings. See Thomas, 42 F.3d at 824; see id. (holding that district court sentencing Thomas could not entertain Thomas's claim that the "state judge [in the underlying state-court conviction] failed to inform [Thomas] of several of his constitutional rights when [Thomas] pleaded guilty"). Thomas's reading of Custis precludes us from broadening Custis's "Gideon exception" to right-to-jury-trial claims.

Moreover, the right-to-jury-trial claim brought here by Escobales is analogous to the uninformed-guilty-plea claims rejected in both Custis and Thomas. In all three cases, the gravamen of the defendant's constitutional challenge was that his guilty plea was not knowing and intelligent because he was not informed of certain rights he would be waiving by entering his plea. Because Custis and Thomas declined to reach such claims when brought collaterally during sentencing, so must we.

B.

Escobales's second argument is that the statute under which he was sentenced explicitly provided him with the right to attack collaterally, at sentencing, the constitutionality of his underlying convictions. This argument is unavailing, however, because in advancing it Escobales is forced to rest his contention on a statute under which he was neither charged nor sentenced--21 U.S.C. S 851.

Escobales was charged with and pled guilty to violating 21 U.S.C. SS 841(a)(1) and 841(b)(1)C. Had the government wished to pursue statutory enhancements for prior convictions, it could have moved under 21 U.S.C.S 851 to

6

seek such statutory enhancements to the maximum sentence provided for under S 841(b)(1)C. It did not do so. Instead, it relied on the criminal history category portion of the Guidelines, U.S.S.G. S 4A1.1, to account for Escobales's past misdeeds. Neither 21 U.S.C. S 841 nor U.S.S.G. S 4A1, in any of its subsections or commentary, explicitly provide the defendant with the right to attack his prior convictions collaterally during sentencing proceedings. See 21 U.S.C. S 841; U.S.S.G. S 4A1; Thomas, 42 F.3d at 824 & n.1 (discussing S 4A1); see also United States v. Bacon, 94 F.3d 158, 163 n.5 (4th Cir. 1996) ("At least eight other courts of appeals have extended Custis to Guidelines cases.") (collecting cases). Commentary to S 4A1 makes this point clear:

> Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law . . . .

U.S.S.G. S 4A1.2 cmt. 6 (1998) (emphasis added). Therefore, pursuant to Custis and Thomas, Escobales did not have the statutory right to attack his state conviction when the District Court was sentencing him.

Escobales nonetheless argues that 21 U.S.C. S 851 explicitly provides for such a right. In fact, S 851(c) does so, as is detailed in the margin, and as was noted in Custis, 511 U.S. at 491-92, and recent commentary to the Guidelines, see U.S.S.G. S 4A1.2 cmt. 6 (1998) ("21 U.S.C. S 851 expressly provides that a defendant may collaterally attack certain prior convictions.").3 However, the right

_____

3. Section 851(c) provides, in pertinent part:

> (1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall
> file a written response to the information. . . . The court shall hold a

provided for in S 851(c) is not implicated in this case. As we have held elsewhere, when a defendant is not being sentenced pursuant to a S 851 statutory  enhancement--i.e., one that exceeds the statutory maximum embodied in the Guideline's sentencing ranges--the defendant is not entitled to rely on the procedural protections contained inS 851 to challenge sentencing determinations such as his criminal history category, or "score" (U.S.S.G. S 4A1.1); the " `likelihood that he will commit further crimes' " (U.S.S.G. S 4A1.3); and his "career offender status" (U.S.S.G. S 4B1.1). United States v. Davis, 969 F.2d 39, 47-48 (3d Cir. 1992) (holding so and collecting numerous court of appeals cases holding similarly). For these reasons, Escobales cannot rely on S 851 to invoke the sentencing court's collateral review power to attack an underlying conviction that was relied upon by the District Court in determining Escobales's criminal history points and criminal history category.

Therefore, the judgment of the District Court will be affirmed.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

_____

      hearing to determine any issues raised by the response which would except the person from increased punishment. . . .

      (2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. . . .

21 U.S.C. S 851(c).