**UNITED STATES of America,**

v.

**Vincia RIVIERE; a/k/a Vincia Jno Baptiste Vincia Riviere, Appellant.**

**No. 02–1700.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on Dec. 2, 2002.

Decided Jan. 31, 2003.

Before ROTH, SMITH, Circuit Judges, and CUDAHY,* Circuit Judge.

OPINION

ROTH, Circuit Judge.

Vincia Riviere appeals the judgment of sentence of the United States District Court for the District of Delaware. On November 13, 2001, Riviere pled guilty to one count of illegally reentering the country after having been deported for an ag-

gravated felony conviction in Florida. On February 25, 2002, after denying Riviere's objection to the criminal history calculation in the Presentence Report, the District Court sentenced her to 37 months imprisonment for violating 8 U.S.C. §§ 1326(a) and (b)(2).

We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). We review sentencing guideline calculations for plain error.

In her appeal, Riviere contends that the District Court erred in adding three points to her criminal history calculation for her prior Florida conviction. Riviere argues that the previous Florida conviction was rendered *in absentia*, violating her constitutional rights, and therefore is void.

This constitutional challenge to the Florida conviction was never made in the Florida courts. In *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the United States Supreme Court held that, with the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous state convictions that are used to enhance the federal sentence. *Id.* at 497, 114 S.Ct. 1732; *United States v. Escobales*, 218 F.3d 259 (3d Cir.2000). For that reason, Riviere cannot now collaterally attack her Florida conviction which enhances her federal sentence here. If Riviere had wished to challenge the constitutionality of her Florida conviction, she had to do so in the Florida courts.

The District Court correctly applied U.S.S.G. § 4A1.1(a) when it added three criminal history points for Riviere's prior conviction in Florida.

---

* Honorable Richard D. Cudahy, Circuit Court Judge for the Seventh Circuit, sitting by desig-    nation.

For the foregoing reason, we will affirm the judgment of the District Court.