**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1602
_____

UNITED STATES OF AMERICA

v.

RAYMOND ANTHONY NAPOLITAN,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cr-00146-001)
District Judge: Honorable Mark R. Hornak
_____

Submitted: February 11, 2016

Before: FUENTES, KRAUSE, and ROTH, *Circuit Judges*

(Opinion filed:  July 19, 2016)
_____

AKIN ADEPOJU, ESQUIRE
RENEE PIETROPAOLO, ESQUIRE

Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222

*Counsel for Appellant*

DONOVAN J. COCAS, ESQUIRE
REBECCA R. HAYWOOD, ESQUIRE
Office of United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

*Counsel for Appellee*

_____

OPINION OF THE COURT

_____

KRAUSE, *Circuit Judge*.

Raymond Anthony Napolitan appeals his federal criminal sentence for possession with intent to distribute five hundred grams or more of cocaine on the ground that it was substantively unreasonable for the District Court to run his federal sentence consecutively to a separate state sentence that Napolitan now claims is itself unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Today we join our sister Circuits in holding that a defendant may not challenge the reasonableness of his federal sentence on appeal via a collateral attack on a prior state sentence. Accordingly, we will affirm the sentence imposed by the District Court.

## I. Background

Napolitan was arrested in 2007 after police discovered nearly a kilogram of cocaine in his home in Farrell, Pennsylvania, along with drug trafficking paraphernalia and a series of firearms. In 2008, based on facts that came to light as part of the drug bust, Napolitan was convicted of sexual assault and simple assault in a bench trial in the Mercer County Court of Common Pleas. Napolitan was then sentenced in state court to five to ten years[1] pursuant to a then-operational Pennsylvania state law, 42 Pa. Cons. Stat. § 9712, that increased the mandatory minimum sentence for a "crime of violence" when the sentencing judge determined by a preponderance of the evidence that the perpetrator possessed a firearm that was used to frighten the victim during the commission of the offense. The Pennsylvania Superior Court has since ruled en banc that this sentencing regime is unconstitutional in light of *Alleyne*, which held that whenever the existence of a particular fact serves to increase a statutory minimum sentence as a matter of law, that fact amounts to an "element" of the underlying crime that must be proven to the factfinder beyond a reasonable doubt, *Alleyne*, 133 S. Ct. at 2158. *Commonwealth v. Watley*, 81 A.3d 108,

---

[1] The Government avers that Napolitan was instead sentenced to 66-132 months in state court. For purposes of this appeal, we accept that Napolitan was sentenced under state law "to a term of not less than 5 years nor more than 10 years on the crime of Sexual Assault," as reflected in the trial court judge's January 9, 2009 opinion, which was "written pursuant to Pennsylvania Rule of Appellate Procedure 1925 following [Napolitan's] timely appeal from the denial of his [motion for post-sentence relief]." App. 389, 391.

116-117 & n.4 (Pa. Super Ct. 2013) (en banc); *see also Commonwealth v. Valentine*, 101 A.3d 801, 811 (Pa. Super Ct. 2014), *appeal denied* 124 A.3d 209 (Pa. 2015); *Commonwealth v. Newman*, 99 A.3d 86, 101 n.9 (Pa. Super Ct. 2014) (en banc), *appeal denied*, 121 A.3d 496 (Pa. 2015).

In 2011, a grand jury in the Western District of Pennsylvania indicted Napolitan on two counts related to the 2007 drug bust: possession with intent to distribute five hundred grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). A jury convicted Napolitan of the drug possession charge,[2] and he was initially sentenced to 78 months' imprisonment, to run consecutively to his existing state sentence. After Napolitan appealed his conviction to our Court, requesting a new trial on the ground of alleged false witness testimony, and the Government cross-appealed, claiming the District Court should have applied certain sentencing enhancements, we affirmed the conviction but remanded for resentencing in consideration of the sentencing enhancements at issue. *United States v. Napolitan*, 762 F.3d 297, 301, 307 (3d Cir. 2014).

At resentencing, the District Court applied one of the sentencing enhancements and entered a 90-month sentence for the federal drug conviction. After considering the arguments Napolitan now raises on appeal, the District Court

---

[2] The firearm count was not submitted to the jury because the District Court granted Napolitan's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

stated on the record that it was appropriate to run the federal sentence consecutively to Napolitan's state sentence because, even though the offenses underlying both sentences arose in the same general time frame, the state and federal crimes were distinct.[3]

Napolitan now appeals, arguing that the District Court's decision to run his two sentences consecutively was substantively unreasonable. He urges—as he did at his resentencing—that because his state sentence was calculated under a statute that required an increase in the mandatory minimum sentence based on a judge's determination, by a preponderance of the evidence, that Napolitan used a firearm to intimidate his victim, his state sentence violated *Alleyne*.[4]

---

[3] To the extent Napolitan suggests that the District Court imposed the federal sentence consecutively in an effort to "fully punish[]" Napolitan for the state and federal convictions, Appellant's Br. 24, he mischaracterizes the record. The District Court simply applied U.S.S.G. § 5G1.3 in making its determination that the sentences for the two temporally proximate but distinct offenses should run consecutively; it did not state or imply that it was seeking to "fully punish" Napolitan for both offenses in some general sense outside of the discretion afforded to it by the Guidelines. Indeed, the District Court explicitly rejected Napolitan's argument that, because both the state and federal crimes arose in a similar time period, they were related and thus more likely to warrant concurrent sentences under § 5G1.3, and Napolitan does not appear to challenge that conclusion on appeal.

[4] Napolitan's argument rests on an assumption that, in the context of a challenge to his federal sentence on direct

5

According to Napolitan, under a constitutional state sentencing regime, his state sentence would have elapsed by the time the federal sentence was handed down; thus, Napolitan argues, he had been fully punished for his state conviction at the time of his federal sentencing and a concurrent federal sentence was therefore warranted. For the reasons set forth below, we conclude the District Court did not abuse its discretion in ordering Napolitan's federal sentence to be served consecutively to his state sentence.

## II. Jurisdiction and Standard of Review

We have jurisdiction to review the propriety of a federal sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the substantive reasonableness of a District Court's sentence—including its choice to run the sentence consecutively to a state court sentence—for abuse of discretion, overturning such a sentence "only where 'no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *United States v. Freeman*, 763 F.3d 322, 335 (3d Cir. 2014), *cert. denied sub nom. Mark v. United States*, 135 S. Ct. 1189 (2015) and *cert. denied*, 135 S. Ct. 1467 (2015) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)); *United States v. Gillette*, 738 F.3d 63, 79 (3d Cir. 2013) (considering a challenge to the

appeal, *Alleyne* would apply retroactively to his state sentence. *But see United States v. Reyes*, 755 F.3d 210, 212-13 (3d Cir. 2014) (concluding *Alleyne* does not apply retroactively to cases on collateral review); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) (same). Because we resolve this case on other grounds, we need not address this issue.

6

substantive reasonableness of the consecutive nature of two sentences).

## III.    Discussion

Napolitan acknowledges that the District Court "ha[s] no authority to cure his illegal state sentence," Appellant's Br. 31, and thus that he may not on direct appeal contest the validity of his state sentence.  What he is arguing on appeal, he contends, is something entirely different: that a federal sentencing court necessarily abuses its discretion and imposes a substantively unreasonable sentence if it runs a federal sentence consecutively to an invalid state sentence.  We find the distinction Napolitan draws to be one without a difference because his proposed rule is, in fact, premised on exactly the type of collateral attack on his state sentence he insists he does not seek—a claim properly raised in a habeas petition, pursuant to 28 U.S.C. § 2254.

In any event, the arguments for such a rule already have been rejected by the Supreme Court.  In *Custis v. United States*, the Supreme Court held that, with the exception of two circumstances, "a defendant in a federal sentencing proceeding may [not] collaterally attack the validity of previous state convictions that are used to enhance his sentence."  511 U.S. 485, 487 (1994).  There, a defendant sought to challenge the validity of past convictions that played a role in his federal sentencing on the grounds that the past convictions were obtained with unconstitutionally ineffective assistance of counsel and in violation of his right under *Boykin v. Alabama*, 395 U.S. 238 (1969), to knowingly and voluntarily enter a guilty plea.  *Custis*, 511 U.S. at 488. The Supreme Court disagreed and held that a defendant may challenge the propriety of a previous state conviction that

affects his current federal sentencing only where (1) he alleges the "unique constitutional defect" that he was denied the right to counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963), in the proceedings leading to such prior conviction, or (2) the statute under which he is currently being sentenced explicitly provides for the ability to collaterally attack "prior convictions used for sentence enhancement purposes." *Custis*, 511 U.S. at 490-97; *accord United States v. Escobales*, 218 F.3d 259, 261-263 (3d Cir. 2000) (recognizing no *Custis* exception (1) for an alleged violation of a defendant's right to a jury trial or (2) in the language of the criminal history provisions of the U.S. Sentencing Guidelines); *United States v. Thomas*, 42 F.3d 823, 824-25 (3d Cir. 1994) (applying *Custis* to bar a defendant's challenge to his federal sentence based on a constitutional defect in a prior state conviction because he alleged no *Gideon* violation and the applicable U.S. Sentencing Guideline lacked statutory authorization for such a challenge).

In reaching its conclusion in *Custis*, the Supreme Court sought to avoid condoning instances where, "[b]y challenging [a] previous conviction, the defendant [asks] a district court"—or here, an appellate court—"'to deprive the state-court judgment of its normal force and effect in a proceeding that has an independent purpose other than to overturn the prior judgment.'" 511 U.S. at 497 (quoting *Parke v. Raley*, 506 U.S. 20, 30 (1992)). Instead, the Court prescribed that where a defendant believes his prior state convictions were unlawful, the proper method of challenging such convictions is either through direct appeal in the state court or through

8

federal habeas review.[5]  *Id.*; *Escobales*, 218 F.3d at 261; *see also Daniels v. United States*, 532 U.S. 374, 381 (2001) ("Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction.  He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 . . . .").[6]  Only if a defendant "is

[5] In July 2015, almost five months after the District Court entered Napolitan's federal sentence and nearly seven years after the state court sentenced Napolitan for his state conviction, Napolitan filed such a habeas petition alleging, among other things, ineffective assistance of counsel in his state proceedings and a due process violation for being sentenced under a state statute later deemed unconstitutional. Whatever the resolution of that petition, however, its pendency does not bear on the validity of Napolitan's claim in this appeal that his federal sentence was substantively unreasonable at the time it was imposed.

[6] A plurality of the Supreme Court has recognized that exceptions to the *Custis* rule may also exist in the 28 U.S.C. § 2254 or § 2255 context where "no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own," *Daniels*, 532 U.S. at 383-84 (plurality opinion), such as in the case of newly discovered evidence that comes to light after the "time for direct or collateral review has expired" or a state court's refusal without justification "to rule on a constitutional claim that has been properly presented to it," *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 405 (2001) (plurality opinion). Neither circumstance is presented here, as Napolitan contends

successful in attacking these state sentences" through one of the proper avenues, may he "then apply for reopening of any federal sentence enhanced by the state sentences." *Custis*, 511 U.S. at 497. The Court grounded its opinion in *Custis* in the goals of "promoting finality of judgments," ensuring confidence in the integrity of the courts, advancing "the orderly administration of justice," and avoiding asking sentencing courts "to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era." *Id.* at 496-97.

Drawing on both the logic and language of *Custis*, we see no reason why state *sentences* should not be accorded the same respect and be subject to the same forms of substantive review afforded to state convictions. To hold otherwise would be to contravene *Custis* by allowing a defendant "to deprive [a] state-court judgment of its normal force and effect" by way of a direct appeal of his federal sentence—"a proceeding that has an independent purpose other than to overturn the prior judgment." *Id.* at 497 (quoting *Parke*, 506 U.S. at 30). We therefore hold that an appellant may not collaterally attack a state court sentence as part of a federal

---

that his state post-conviction collateral review counsel was ineffective for failing to raise his claim based on *Alleyne*, which was decided while his post-conviction collateral review petition was pending. Thus, while Napolitan argues that "he has no remedy" to cure his allegedly unconstitutional state sentence, Appellant's Br. 18, he does not now challenge his state sentence based on newly discovered evidence nor allege that the state courts have unjustifiably refused to rule on his *Alleyne* claim.

10

sentencing challenge unless (1) he claims a *Gideon* violation, or (2) the relevant federal statute or sentencing guideline expressly authorizes a collateral attack.[7]

Neither pertains here. Napolitan's reliance on *Alleyne* does not trigger the "unique constitutional defect" of a *Gideon* violation. *Id.* at 496. Nor does Napolitan identify any express authorization to support his collateral attack—either in a statute or in the sentencing guidelines. On the contrary, in ordering Napolitan's federal sentence to run consecutively to his state sentence, the District Court relied upon U.S.S.G. § 5G1.3, which confers on a defendant no express permission to challenge the legality of a prior sentence, and by its terms affords sentencing courts broad discretion to run multiple sentences for unrelated crimes consecutively, concurrently, or partially concurrently. Moreover, the Supreme Court has recognized that, as a general matter, district courts may exercise their sound discretion in choosing whether to run a federal sentence consecutively to an existing state sentence. *See Setser v. United States*, 132 S. Ct. 1463, 1468 (2012) (citing *Oregon v.*

---

[7] While *Custis* only referenced the federal *statute* under which a defendant is sentenced as a potential source of authorization to collaterally attack a past conviction, we have interpreted *Custis* to provide a route to launch such a collateral attack if the federal *sentencing guideline* pertinent to a defendant's federal sentence confers such authorization, as well. *E.g.*, *Escobales*, 218 F.3d at 260; *Thomas*, 42 F.3d at 824. In extending *Custis*'s reach to prior state sentences, we adhere to our prior interpretation that sentencing guidelines could—in theory—offer an exception to the *Custis* rule.

11

*Ice*, 555 U.S. 160, 168-69 (2009)) ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences . . . that have been imposed in other proceedings, including state proceedings.").

Our extension today of the *Custis* rule to state sentences leaves no room for Napolitan to appeal the consecutive running of his federal sentence. For while couched as a challenge to the substantive reasonableness of his federal sentence, Napolitan's claim boils down to the argument that a sentencing court abuses its considerable discretion to run sentences consecutively unless it independently confirms the validity of an existing state sentence—an approach that would require federal sentencing courts to undertake collateral review of any allegedly illegal state sentence and, upon a finding of constitutional defect, to determine the permissible length of the state sentence and to run a commensurate portion of the federal sentence concurrently to the unexpired state sentence to offset any unconstitutional time. Such a rule would not only amount to a considerable constriction of district courts' discretion as to whether to run sentences concurrently or consecutively, but also would be a cumbersome imposition on federal sentencing and a clear repudiation of the finality typically afforded to state court judgments—the very reasons the Supreme Court rejected such a rule as applied to state convictions in *Custis*, 511 U.S. at 496-97.

No doubt for these reasons, every Court of Appeals to have addressed the question has extended the precepts of *Custis* to bar collateral attacks in federal sentencing appeals against not only prior state convictions, but also prior state sentences. In *United States v. Saya*, for example, the

12

defendant argued that he was improperly sentenced as a "career offender" under U.S.S.G. § 4B1.1 based on two prior Hawaii state law convictions. 247 F.3d 929, 939-40 (9th Cir. 2001). Citing to *Custis*, the Ninth Circuit rejected the defendant's attempt to "in effect . . . mount a collateral attack on his prior state sentence," determining instead that there is "no reason why the *Custis* rule should not apply to collateral attacks on prior state *sentences*." *Id.* at 940 (emphasis in original); *see also United States v. Galvan*, 453 F.3d 738, 741 (6th Cir. 2006) (concluding that "the district court at sentencing need not collaterally review [a defendant's] prior sentences");[8] *United States v. Warren*, 335 F.3d 76, 77-79 (2d Cir. 2003) (holding a defendant may not collaterally attack the validity of a past federal "conviction or sentence" based on *Apprendi v. New Jersey*, 520 U.S. 466 (2000), in connection with a supervised release revocation proceeding). We join these Courts of Appeals today.

IV.    **Conclusion**

For the reasons stated above, we will affirm the sentence imposed by the District Court.

---

[8] While the *Galvan* court did not cite to *Custis*, it cited to the decision of another Court of Appeals that did and adopted the two exceptions to the *Custis* rule, thereby tracking *Custis* in substance. *Galvan*, 453 F.3d at 741-42 (citing *United States v. Mateo*, 271 F.3d 11, 16 (1st Cir. 2001)).

13