NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1545
_____

UNITED STATES OF AMERICA

v.

ANTHONY GAINES,
a/k/a "Monte,"

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-17-cr-00309-001)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2019

Before: CHAGARES, HARDIMAN, and SILER,[*] *Circuit Judges*.

(Filed: April 3, 2019)

_____

[*] The Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States
Court of Appeals for the Sixth Circuit, sitting by designation.

_____

OPINION[**]

_____

HARDIMAN, *Circuit Judge*.

Anthony Gaines was sentenced to 42 months in prison after he pleaded guilty to three counts charging violations of federal animal welfare laws that criminalized his dog-fighting activities. Gaines raises three principal issues on appeal, none of which we find persuasive. We will therefore affirm.

I[1]

Counts One and Two charged Gaines with conspiracy to participate in an animal fighting venture contrary to 7 U.S.C. § 2156(b) in violation of 18 U.S.C. § 371. Count Three charged him with possession of a dog for purposes of having it participate in an animal fighting venture contrary to 7 U.S.C. § 2156(b) in violation of 18 U.S.C. § 49.

The first issue Gaines raises is that Counts One and Three should have been grouped with Count Two under § 3D1.2 of the Sentencing Guidelines. The Probation Office declined to do so in its Presentence Investigation Report, however, finding that because Counts One and Three involved a dog named Vida and Count Two involved a dog named Bubbles, there were two "victims" under the Guidelines and the statute. App.

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

253–54 (sentencing transcript). Gaines objected to the PSR, but the District Court overruled the objection and agreed with the PSR's assessment.

Gaines argues here, as he did to the District Court, that Vida and Bubbles should not have been deemed "victims" under the Guidelines because they are dogs, not people. **Br. 15.** We have not addressed this argument previously and we need not do so in this appeal. Regardless of whether dogs can qualify as "victims" under the Guidelines, the record demonstrates that the counts involving Vida and Bubbles—which involved distinct instances of illegal conduct almost a year apart and involving different co-conspirators—should not group under Guidelines § 3D1.2. We will affirm the District Court's judgment on that ground. *See United States v. Miller*, 224 F.3d 247, 248 n.1 (3d Cir. 2000) (stating that we may affirm for any reason supported by the record).

Contrary to Gaines's argument, declining to group his counts does not impose "multiple punishment[s] for substantially identical offense conduct." *United States v. Rudolph*, 137 F.3d 173, 178 (3d Cir. 1998) (quoting U.S.S.G. Ch. 3 Pt. D, intro. cmt.). Gaines's dog-fighting crimes created a "separate and distinct fear and risk of harm to society." *United States v. Griswold*, 57 F.3d 291, 296 (3d Cir. 1995). Gaines purchased Vida from Robert Arellano in December 2014 and kept her until November 2015 for use in dog fights at or around his residence. In October 2015, Gaines traveled to Indiana with Frank Nichols to deliver Bubbles to Dajwan Ware for the same purpose. Unlike cases where the ungrouped counts represented "no additional conduct," here Counts One and Three (involving Vida) addressed "instances of illegal conduct" separate from Count

3

Two (involving Bubbles). Gaines's behavior is analogous to the separate purchases and possession of firearms over the course of two years that we held should not group in *Griswold*. 57 F.3d at 296 (citing *United States v. Riviere*, 924 F.2d 1289, 1306 (3d Cir. 1991)).

The upshot of Gaines's argument is that courts must group every crime committed to advance an individual's dog-fighting venture, even if those crimes involve different participants, times, and locations. But this case does not present an "occasion[] when increasing the punishment for an additional count would punish the defendant for conduct taken into account in another count." *Rudolph*, 137 F.3d at 180 (quoting *United States v. Bush*, 56 F.3d 536, 538 (3d Cir. 1995)). Rather, the charges Gaines faced addressed separate incidents of criminal culpability. *See id.* Therefore, the District Court's decision not to group Counts One and Three with Count Two was not legal error. *See id.* at 178.

II

Gaines next argues his 42-month sentence was unreasonable because it was driven more by "the District Court's disfavor with the crime" than the appropriate statutory factors. Br. 28. We disagree. The District Court based its upward variance not on any generalized disfavor toward the crime, but on appropriate statutory factors, including: Gaines's long criminal record, incorrigibility, extensive involvement in dog-fighting, and enjoyment of the "sport's" cruelty. *See* 18 U.S.C. § 3553; App. 283–89, 305–06. The Court considered mitigating factors, including Gaines's troubled childhood, family history, and child support obligations. *See* App. 306, 309. The Court also considered the

4

Government's request for a 41-month sentence, which was based on similar defendants. *See* App. 274–76, 307.

In sum, the District Court considered all the appropriate factors and no improper ones. We will not second-guess the District Court's discretionary decision, which was well-supported by the facts of record. *See United States v. Tomko*, 562 F.3d 558, 569 (3d Cir. 2009) (en banc).[2]

## III

Lastly, Gaines argues the District Court's order that his federal sentence run consecutively to his then-impending state sentence for drug crimes was inappropriate. He claims Guidelines § 5G1.3 called for concurrent sentences. We are unpersuaded. The Guidelines require concurrent sentences only if the state offense "is relevant conduct to the instant offense of conviction." U.S.S.G. § 5G1.3(b), (c). We agree with the District Court that Gaines's state drug offenses were "not related to the dog-fighting ventures here." App. 307. Other than the fact that authorities discovered the dog fighting while

---

[2] We reach the same conclusion for Gaines's argument that his sentence violated the Ex Post Facto Clause of the Constitution. He claims the District Court "apparently" based its variance on the increased 2016 Guidelines range rather than follow only the applicable 2015 version. Br. 33. But Gaines cites no mention of the 2016 Guidelines by the Court. Instead, he relies on the fact that the upward variance to 42 months landed within the 2016 Guidelines' range (37–46 months) for Gaines's offenses. This is insufficient, especially since the Court calculated the correct 2015 offense level and range before varying upward. *See* App. 304, 306; *see also Peugh v. United States*, 569 U.S. 530, 549 (2013) (noting that district courts may consider newer Guidelines when deviating from older ones).

investigating Gaines's drug offenses, there is nothing to relate the state drug offenses to his federal animal welfare crimes. The Court therefore did not abuse its discretion, *see United States v. Napolitan*, 830 F.3d 161, 164 (3d Cir. 2016), when it ordered Gaines's federal sentence to run consecutively with his state sentence.

*　　*　　*

This case is a sad reminder that man's best friend is susceptible to man's worst impulses. The District Court did not err when it declined to group Gaines's convictions for distinct dog-fighting crimes. The Court relied on the appropriate statutory factors, not the wrong version of the Guidelines, when it decided to vary upward. Finally, the Court did not abuse its discretion when it imposed a consecutive sentence because Gaines's federal offenses were unrelated to his state drug offenses. We will therefore affirm.