

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# USA v. Doe Boy

Precedential or Non-Precedential:

Docket 0-4415

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Doe Boy" (2002). *2002 Decisions.* Paper 93.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/93

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 00-4415


UNITED STATES OF AMERICA

v.

DOE BOY a/k/a Clinton French a/k/a Christopher
Williams Clemons a/k/a Chris Clemons a/k/a
Chris Collins

Christopher Williams Clemons, a/k/a "Chris Clemons,"
a/k/a "Doe Boy," a/k/a "Clinton French," a/k/a
"Chris Collins,"
                                        Appellant


On Appeal from the United States District Court
for the District of  Delaware
(D.C. No. 99-cr-00082-1)
District Judge:  Hon. Roderick R. McKelvie


Submitted Under Third Circuit LAR 34.1(a)
February 4, 2002

Before:  SLOVITER, AMBRO, Circuit Judges, and POLLAK, District Judge*

(Filed: February 5, 2002)


MEMORANDUM OPINION OF THE COURT

_____


* Hon. Louis H. Pollak, Senior United States District Judge for the
Eastern District of
  Pennsylvania, sitting by designation.

SLOVITER, Circuit Judge.

Christopher Clemons, a/k/a Doe-Boy, appeals from his judgment of sentence and convictions for possession with intent to distribute cocaine and carrying a firearm during a drug trafficking felony. Clemons' counsel filed a vigorous brief which states it was filed under the aegis of Anders v. California, 386 U.S. 738 (1967). He also filed a motion for leave to withdraw from representing Clemons, expressing counsel's belief that all of Clemons' grounds for appeal are frivolous. Clemons, who was notified by this court of the opportunity to file a pro se brief, failed to do so. Because counsel's brief did not explain why the arguments made are frivolous, this court asked counsel to explain further. Counsel then filed a reply brief, which states that the District Court neither erred nor abused its discretion as to the various issues raised in the principal brief. After reviewing the various briefs, we will affirm the judgment of conviction and sentence and grant counsel's motion to withdraw.

I.

Clemons presents seven arguments. He first argues that the District Court erred in denying his motion to dismiss the indictment pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), because the indictment did not allege a specific weight of crack cocaine. In our recent en banc decision, United States v. Vazquez, 271 F.3d 93 (3d Cir. 2001), we held "that an Apprendi violation only occurs if the drug quantity is not found by a jury beyond a reasonable doubt and the defendant's sentence under 841 exceeds 20 years." Id. at 98. Clemons' sentence under 841 did not exceed twenty years.

Second, Clemons argues he should have been granted a new trial based on newly discovered evidence to the effect that he was searched without a warrant after he was arrested. Searches conducted incident to a lawful arrest of a suspect's person and the area of his immediate control do not violate the Fourth Amendment. See, e.g., Illinois v. Lafayette, 462 U.S. 640, 644 (1983).

Third, Clemons argues the District Court erred in denying him a two level reduction in offense level for his acceptance of responsibility under U.S.S.G. 3E1.1(a). Clemons points us to no testimony or action reflecting an acceptance of responsibility.

Given the "'great deference on review'" we accord to trial judges under 3E1.1(a), this court discerns no error.  See United States v. Cohen, 171 F.3d 796, 804 (3d Cir. 1999) (quoting U.S.S.G.  3E1.1 application note 5).

Fourth, Clemons argues the trial court erred in denying his motion to dismiss every sentencing enhancement under Apprendi because no prior drug felony convictions were alleged in the indictment, and the government did not prove any prior felony drug convictions at trial.  Where, as here, a defendant's ultimate sentence does not exceed the prescribed statutory maximum, a court need not enquire whether the enhanced sentence was based on the fact of a prior conviction.  United States v. Mack, 229 F.3d 226, 238–39 (3d Cir. 2000).

Fifth, Clemons argues he was entitled to notice of a sentencing enhancement pursuant to 21 U.S.C.  851(a)(1) for his prior felony convictions.  However,  "when a defendant is not being sentenced pursuant to a  851 statutory enhancement i.e., one that exceeds the statutory maximum embodied in the Guideline's sentencing ranges the defendant is not entitled to rely on the procedural protections contained in  851."  United States v. Escobales, 218 F.3d 259, 263 (3d Cir. 2000) (emphases omitted).  Clemons was not sentenced pursuant to a  851 statutory enhancement.

Sixth, Clemons argues the District Court abused its discretion by declining to depart downward based on Clemons' pretrial confinement at Gander Hill, a local Delaware prison, under allegedly substandard conditions.  We have held on numerous occasions that we are without jurisdiction to review discretionary refusals to depart downward where the district court "fully understood the scope of its discretion to depart from the Guidelines."  United States v. Sally, 116 F.3d 76, 79 (3d Cir. 1997).

Seventh, Clemons argues the District Court erred in calculating Clemons' base offense on the basis of Clemons' possession of cocaine base, or "crack," rather than cocaine, pursuant to U.S.S.G. 2D1.1(c) and the definition of cocaine base contained in Note D to that table.  Given the government chemist's testimony and the testimony of the drug officer, the District Court did not clearly err in determining the substance was cocaine base.

## II.

Convinced by the reasoning proffered in counsel's reply brief of the frivolity of Clemons' seven arguments, and having found no nonfrivolous issues for appeal upon our independent review, we will affirm the convictions and sentence of the District Court, and will grant counsel's motion to withdraw.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge