NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3667
_____

UNITED STATES OF AMERICA

v.

FREDERICK BENTON,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-13-cr-00265-001)
District Judge:  Honorable William H. Walls

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2014

BEFORE:  McKEE, *Chief Judge*, CHAGARES, and NYGAARD, *Circuit Judges*

(Filed: October 23, 2014 )
_____

OPINION*
_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
_____

NYGAARD, *Circuit Judge.*

Appellant Frederick Benton pleaded guilty to distributing 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. Benton and the Government stipulated to a total offense level of 23 and further agreed that neither party would request an upward or downward departure, adjustment, or variance. The parties further agreed to the reasonableness of any sentence that fell within the Guidelines range appropriate for the stipulated offense level. The plea agreement also contained an appellate waiver provision by which Benton agreed not to appeal his sentence as long as it fell within or below the Guideline's range applicable to an offense level of 23. This appellate waiver excluded, however, any appeal from the District Court's calculation of Benton's criminal history category.

After a comprehensive colloquy, the District Court accepted Benton's plea of guilty. Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report and Sentencing Memorandum. The Probation Office calculated Benton's total offense level to be 23 (which the parties had previously agreed to), and assigned him nine criminal history points based on prior criminal convictions.[1] Benton objected to 8 of the 9 proposed criminal history points. He argued that his state convictions were improperly counted for various reasons. For example, Benton maintained that one of his New York convictions was based on an improperly amended

[1] Benton was assessed three criminal history points for a 1989 conviction in Alabama, three points for a 2000 conviction in New York, two points for another New York conviction in 2000 (which was referred to in the District Court as a "1999" conviction, apparently using the date of arrest, not conviction), and one criminal history point for a 2008 New York conviction.

2

indictment. Benton also argued that another New York conviction should not have been counted against him because "it would have been beyond the ten year time limit," if it had "been resolved in a more expeditious fashion." Benton also claims this same conviction was the result of a "coercive atmosphere." Benton lastly challenged his conviction from Alabama, arguing it was based on "insufficient, nonhearsay proof," and that the Alabama case against him was closed until he turned himself in to the Alabama authorities.

The Government argued that Benton's prior convictions were all entitled to a presumption of regularity. The District Court, after reviewing Benton's arguments with counsel in open court, agreed with the Government. Benton's criminal history was pegged at Category IV. Using the total offense level of 23, the resulting Guidelines range was 70-87 months' imprisonment. The District Court next discussed its sentencing rationale, and sentenced Benton to 70 months, which was the bottom of the suggested Guidelines range. Pursuant to the exception stated in his appellate waiver, Benton appealed the District Court's calculation of his criminal history

We apply a presumption of regularity to court proceedings. *See United States v. Jones*, 332 F.3d 688, 698 (3d Cir.2003) (holding that, absent evidence to the contrary, court proceedings are presumed to be procedurally proper). On appeal, Benton contends that the District Court erred in adding points to his criminal history calculation for his prior convictions in New York. He argues that the previous New York convictions were based on involuntary guilty pleas and that he was deprived of the effective assistance of counsel during those proceedings.

3

In *Custis v. United States*, 511 U.S. 485 (1994), the United States Supreme Court held that, with the exception of convictions obtained in violation of the right to counsel as described in *Gideon v. Wainwright*, 372 U.S. 335 (1963), a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous state convictions which are used to enhance the federal sentence. *Id*. at 497; *United States v. Escobales*, 218 F.3d 259 (3d Cir. 2000). Benton never challenged his guilty plea as involuntary in the New York courts or federal habeas proceedings. Nor did he ever claim that he has a statutory right to make such a challenge or that a particular sentencing guideline gives him the right to raise such a claim now. Further, he has not raised any claim on appeal that his right to counsel under *Gideon* was violated. For that very reason, Benton cannot now collaterally attack his New York convictions which the District Court used to enhance his federal sentence. If Benton had wished to challenge the constitutionality of his New York convictions, he had to do so in that state's courts. Since he did not, the District Court correctly added criminal history points for Benton's prior convictions in New York.

To the extent Benton attempts to challenge the reasonableness of the District Court's sentence, the plea agreement's appellate waiver forecloses any review by this court. Benton agreed to waive any appeal of his sentence if it "fell within or below the Guideline's range that results from the agreed total Guidelines offense level of 23." The District Court sentenced Benton to 70 months--a sentence within the Guidelines range. His waiver, therefore, is valid unless he can demonstrate it was not knowing or voluntary

4

or that his waiver would result in a miscarriage of justice. Benton cannot make such a showing on this record.

For the foregoing reasons, we will affirm the judgment of sentence imposed by the District Court.