**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CAPRIANO TOMAS TUM-PEREZ,

Defendant-Appellant.

No. 97-4073
(D.C. No. 96-CR-10-02-W)
(D. Utah)

---

**ORDER AND JUDGMENT**  *

---

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Capriano Tomas Tum-Perez appeals the sentence imposed pursuant to his entry of a guilty plea to the charge of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  We affirm.

Defendant's appeal is based on his contention that a prior conviction for driving while under the influence should not have been considered when computing his criminal history for this case because his guilty plea in the earlier case was entered without the assistance of a certified interpreter.  He also claims the district court's failure to resolve that objection to the presentence report violated Rule 32(b)(6)(D) & (c)(1) of the Federal Rules of Criminal Procedure.  "The district court's factual findings at sentencing are reviewed for clear error, while its interpretation of the Sentencing Guidelines is a question of law reviewed de novo."  United States v. Simpson, 94 F.3d 1373, 1380 (10th Cir. 1996).

The record reflects that defense counsel informed the district court that he intended to try to have the earlier conviction set aside by the state court.  He did not challenge the fact of the prior conviction.  He asked only that he be permitted to seek relief in the event he was successful in having the prior conviction dismissed.

Unless a collateral attack is based on the complete denial of counsel, a district court sentencing a defendant based on criminal history calculations under United States Sentencing Guidelines § 4A1.1 cannot consider a collateral

attack on a prior conviction. See Simpson, 94 F.3d at 1381-82 (citing United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994)). In this case, defendant's criminal history was computed pursuant to U.S.S.G. § 4A1.1. He challenged his prior conviction due to the absence of a certified interpreter, not the complete absence of counsel. Therefore, the district court correctly declined to consider defendant's collateral attack on his prior conviction. Simpson has foreclosed defendant's argument that Rule 32(b)(6)(D) & (c)(1) required the district court to resolve the merits of defendant's collateral attack prior to imposing a sentence on the federal charges. If defendant succeeds in his efforts to set aside the prior conviction, he may apply to reopen any sentence enhanced by the prior conviction. See Custis v. United States, 511 U.S. 485, 497 (1994); Garcia, 42 F.3d at 581-82.

The government's motion to dismiss for lack of jurisdiction is DENIED. The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-3-