**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio JAVIER–LOPEZ, Defendant–Appellant.**

**No. 01–30399.**

**D.C. No. CR–01–00074–WFN.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

Antonio Javier–Lopez appeals his 37–month sentence for illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Javier–Lopez first contends that the district court erred by including criminal history points based on prior state convictions where a court certified interpreter was not used during attorney-client meetings. Because Javier–Lopez' challenge to his prior convictions is not based on a claim of a failure to appoint counsel for an indigent defendant, *see Gideon v. Wainwright*, 372

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), he cannot collaterally attack his prior convictions on this ground. *See Custis v. United States,* 511 U.S. 485, 490–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding that a defendant has no right to collaterally attack his prior convictions in federal sentencing proceedings, unless it is based on the denial of his right to have appointed counsel); *United States v. Ricardo,* 78 F.3d 1411, 1417 (9th Cir.1996) (recognizing that the *Custis* holding applies in cases involving sentence enhancements under the federal Sentencing Guidelines).

Javier–Lopez also contends that the court erred under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by sentencing him in excess of the statutory maximum sentence for § 1326(a), based on a prior conviction not alleged in the indictment. As Javier–Lopez concedes, this contention is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (recognizing that *"all* prior convictions—not just those admitted on the record—were exempt from *Apprendi* 's general rule and, under *Almendarez–Torres,* may continue to be treated as sentencing factors") (emphasis in original).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.