**UNITED STATES of America,**

v.

**Tyrone WALLACE, a/k/a Tyrone B. Wallace, a/k/a Tyrone Wallhee Tyrone Wallace, Appellant.**

**No. 01–1875.**

United States Court of Appeals, Third Circuit.

Submitted Aug. 1, 2002.

Decided Oct. 25, 2002.

Before ROTH, RENDELL and AMBRO, Circuit Judges.

OPINION

ROTH, Circuit Judge.

Appellant Tyrone Wallace appeals a final order of conviction from the Eastern District of Pennsylvania. Wallace was found guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e) and was sentenced to the enhanced mandatory minimum of fifteen years imprisonment. Wallace raises two issues for appeal: (1) that the District Court erred in considering his prior convictions when enhancing his sen-

tence pursuant to 18 U.S.C. § 924(e); and (2) that the government did not prove the interstate commerce element of the felon in possession offense pursuant to 18 U.S.C. § 922(g)(1).

We have appellant jurisdiction pursuant to 28 U.S.C. § 1291 and § 3742. We exercise plenary review over such appeals. *See United States v. Parise,* 159 F.3d 790, 794 (3d Cir.1998) and *United States v. Hayden,* 64 F.3d 126, 128 (3d Cir.1995).

First, Wallace argues that the District Court should not have considered his prior convictions because he was never afforded an interpreter during these prior conviction proceedings. The District Court considered Wallace's six prior convictions: (1) burglary, sentenced to 2–4 years imprisonment; (2) attempted burglary, sentenced to 1–2 years imprisonment; (3) robbery, sentenced to 1–2 years imprisonment; (4) burglary, sentenced to 2–4 years imprisonment; (5) robbery, sentenced to 3–6 years imprisonment; and (6) aggravated assault and burglary, sentenced to 6–20 years imprisonment.

Under 18 U.S.C. § 924(e) there is a mandatory minimum of fifteen years for any defendant who has violated 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both. Section 924(e)(2)(B) defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year." All of Wallace's prior convictions fit this definition and thus the District Court was correct in considering them as prior convictions under 18 U.S.C. § 924(e)(1).

Wallace's argument that these prior convictions should not have been considered because they were constitutionally invalid is not addressable by us. If Wallace had wished to challenge the constitutionality of the sentences imposed upon him, he should have done so in that court proceeding or in an appeal from that proceeding. He can-

not now collaterally attack the validity of these prior convictions because his attorney did not afford him an interpreter in those proceedings. *See United States v. Escobales,* 218 F.3d 259, 260 (3d Cir.2000) ("one vein in this seemingly limitless mine of jurisprudence is whether and when a federal defendant can bring a collateral attack challenging the constitutional validity of past convictions during his federal sentencing proceedings. The Supreme Court and this court have rejected such collateral attacks.") *citing to Custis v. United States,* 511 U.S. 485, 487, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), and *United States v. Thomas,* 42 F.3d 823, 824 (3d Cir.1994).

Secondly, Wallace argues that the government did not sufficiently prove the interstate commerce element of 18 U.S.C. § 922(g)(1). However, Wallace acknowledges that this argument is without merit and is rejected pursuant to our holding in *United States v. Singletary,* 268 F.3d 196 (3d. Cir.2001).

For the above reasons, we will affirm the judgment of the District Court.