# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1510

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Sebastian Zarasua-Galvan, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 5, 2003

Filed: December 15, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Sebastian Zarasua-Galvan (Zarasua) challenges the sentence the district court[1] imposed upon his guilty plea to illegally reentering the United States after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court clearly erred in assessing criminal history points for a 1992 Nebraska sentence because an interpreter was not provided for any of the

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

underlying proceedings. Mr. Zarasua, however, cannot collaterally attack his prior sentence based on the absence of an interpreter. See U.S.S.G. § 4A1.2, comment. (n.6) (Guideline and commentary do not confer upon defendant any right to attack collaterally prior conviction or sentence beyond any such rights otherwise recognized in law); United States v. Jones, 28 F.3d 69, 70 (8th Cir. 1994) (per curiam) (Guidelines "simply preclude[d]" defendant from collaterally attacking state conviction in federal sentencing proceeding, as he identified no law conferring right to attack earlier convictions; Constitution requires federal courts to permit such collateral attack only when defendant asserts state court violated defendant's right to appointed counsel).

Upon reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

_____