# United States Court of Appeals for the Fifth Circuit

———————

No. 22-51055

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Heraclio Duran-Gonzalez,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-356-3

—————————————————————

Before Elrod, *Chief Judge*, and Willett and Wilson, *Circuit Judges*.
Jennifer Walker Elrod, *Chief Judge*:

Heraclio Duran-Gonzalez appeals his sentence, arguing that the prior convictions on which it was based are invalid because he was not provided with an interpreter. Regardless of the standard of review, this challenge constitutes a collateral attack barred by Supreme Court precedent, and we therefore AFFIRM his sentence.

I

Heraclio Duran-Gonzalez twice pleaded guilty to and was convicted of conspiring to possess with intent to distribute marijuana in the District of

No. 22-51055

New Mexico, once in 2014 and once in 2015. *See* 21 U.S.C. § 841. In both proceedings, he had the assistance of counsel. In late 2017, while on supervised release for the two prior convictions, Duran-Gonzalez was arrested in Texas and charged with possession with intent to distribute 50 kilograms or more of marijuana. He pleaded guilty again, and the presentence report recommended applying the career-criminal enhancement based on his two prior convictions per Sentencing Guideline § 4B1.1(b). *See* U.S. Sent'g Guidelines Manual § 4B1.1(b) (U.S. Sent'g Comm'n 2016).

On June 18, 2018, the day of Duran-Gonzalez's sentencing hearing, his counsel filed a sentencing memorandum requesting a downward variance, while noting that Duran-Gonzalez had no objection to the PSR. The memorandum argued that at least one of Duran-Gonzalez's prior convictions was invalid because, despite Duran-Gonzalez's primary language being Tarahumara, a trained Tarahumara interpreter was not present at the proceedings.[1] The memorandum maintained that the absence of an interpreter constituted an effective denial of counsel and consequently that at least one of the prior convictions was unconstitutional. The district court overruled the motion for downward variance and imposed a bottom-of-the-Guidelines prison term of 151 months and three years of supervised release.

On appeal, Duran-Gonzalez argues that the district court incorrectly relied on his two prior convictions in treating him as a career criminal under § 4B1.1. He asserts that his prior convictions cannot be used as predicate convictions to support the career-criminal enhancement because: (1) the absence of a translator violated due process; (2) his plea was not knowing and voluntary; (3) he did not have effective assistance of counsel; and (4) lack of

_____

[1] Tarahumara is an unwritten Uto-Aztecan language, spoken in an isolated, mountainous region of Mexico but linguistically separate from Spanish. The parties dispute Duran-Gonzalez's proficiency in Spanish as a second language.

No. 22-51055

a translator effectively denied him of his right under *Gideon v. Wainwright*, 372 U.S. 335 (1963), to appointed counsel.[2]

## II

Duran-Gonzalez's challenge, based on absence of an interpreter, constitutes a collateral attack on his two prior convictions. We hold that the absence of an interpreter does not amount to denial of counsel and that it is therefore not a valid basis on which to collaterally attack a prior sentence in the context of the career-criminal enhancement.

The Supreme Court held in *Custis v. United States* that a defendant could "collaterally attack the validity of previous state convictions that are used to enhance his sentence" only if the conviction was the result of "failure to appoint counsel at all." 511 U.S. 485, 487, 496 (1994).[3] Even assuming that the absence of an interpreter may in some circumstances amount to ineffective assistance of counsel, *see, e.g.*, *Gonzalez v. Phillips*, 195 F. Supp. 2d 893, 897–903 (E.D. Mich. 2001), it is not a complete denial of counsel. At oral argument, counsel was unable to provide, nor have we discovered, any case authority equating a lack of an interpreter with a complete absence of counsel. Therefore, Duran-Gonzalez's argument fails to meet *Custis*'s limited exception allowing for collateral attacks under only very narrow circumstances.

———————————————

[2] The parties dispute the proper standard of review. The Government has asserted that Duran-Gonzalez either invited, waived, or forfeited the challenge to his sentence. On the other hand, Duran-Gonzalez has argued for *de novo* review. We need not determine the proper standard of review, however, as Duran-Gonzalez's challenge fails on the merits as a collateral attack against prior convictions, even when reviewed *de novo*.

[3] Although *Custis* spoke only of previous *state* court convictions, we have since applied its holding to previous *federal* convictions. *See, e.g.*, *United States v. Bams*, 858 F.3d 937, 948 (5th Cir. 2017).

Other circuit courts likewise have applied the *Custis* rule to bar collateral challenges based on absence of an interpreter, holding it to be substantively different from complete absence of counsel. *See United States v. Wallace*, 52 F. App'x 581, 582 (3d Cir. 2002); *United States v. Jimenes*, 852 F.3d 631, 633–35 (7th Cir. 2017); *United States v. Zarasua-Galvan*, 83 F. App'x 147 (8th Cir. 2003); *United States v. Javier-Lopez*, 43 F. App'x 116, 116–17 (9th Cir. 2002); *United States v. Tum-Perez*, 156 F.3d 1245 (10th Cir. 1998) (unpublished table decision). We are unaware of any holding to the contrary.

To the extent that Duran-Gonzalez independently challenges the district court's denial of his motion for downward variance, there is no reversible error because the sentence imposed by the district court is within the Guidelines range and Duran-Gonzalez has not met his burden to show that his sentence was unreasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (noting that "a sentence within the Guidelines range is presumed reasonable on appeal" (citing *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008)).

## III

The district court did not err in denying Duran-Gonzalez's collateral attacks on his previous convictions because such attacks are barred by *Custis*, nor did the district court reversibly err in denying the downward variance. Accordingly, we AFFIRM the district court's judgment and sentence.