J-S53014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH TOWNSEND | : | |
| | : | |
| Appellant | : | No. 3238 EDA 2017 |

Appeal from the Judgment of Sentence August 18, 2017
in the Court of Common Pleas of Montgomery County
Criminal Division at No.:  CP-46-CR-0005257-2015

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 17, 2018**

Appellant, Joseph Townsend, appeals from the judgment of sentence imposed following his bench trial conviction of rape of a child.  Specifically, he challenges the denial of a motion for suppression.  He also claims his sentence was harsh and excessive.  We discern no basis to disturb the discretion of the sentencing court.  Accordingly, we affirm.

We derive the facts of the case from the trial court's opinion, its Findings of Fact and Conclusions of Law re: Defendant's Motion to Suppress, and our independent review of the record.  (**See** Trial Court Opinion, 11/29/17; Findings of Fact and Conclusions of Law, 11/08/16).  The facts are not in dispute. (**See** N.T. Sentencing, 8/18/17, at 18).

In May of 2013, the Philadelphia Office of Homeland Security Investigations received a report from the National Center for Missing Children

_____
*   Retired Senior Judge assigned to the Superior Court.

that an America Online user had uploaded apparent images of child pornography. The investigation eventually led to Appellant. Homeland Security executed a search warrant at Appellant's residence, resulting in the seizure of electronic equipment, which contained thousands of images and hundreds of videos of child pornography. Some of the videos showed Appellant engaging in sex acts with his minor half-sister.[1] Appellant does not dispute that he began sexually assaulting his sister when she was about three. These assaults eventually involved sexual intercourse. The whole course of events continued for about ten years. Appellant videotaped many of these episodes.

Homeland Security initiated charges against Appellant in federal court, for child pornography. Appellant filed a motion to suppress, which, notably for this appeal, the district court denied. The denial of the motion to suppress was affirmed on appeal to the Third Circuit. (**See United Sates of America v. Joseph Townsend**, No. 14-4667 (Third Circuit Opinion filed May 16, 2016).[2] Appellant received a federal sentence of 262 months (twenty-one

---

[1] Appellant was born in 1987. His half-sister was born in 2000. The sexual activities began when the half-sister was three. Appellant was convicted of rape of a child under the age of thirteen. Appellant claimed he did not have intercourse with her until she was thirteen. He does not raise this issue on appeal.

[2] Accordingly, Appellant's conviction of the child pornography-related charges was affirmed, but the case was remanded to allow the district court to correct a miscalculation of the sentence.

years and ten months) of incarceration in federal prison, followed by fifteen years of supervised probation.

In the instant action, Appellant was charged in state court with rape of a child (under thirteen) and related offenses. He filed a similar motion to suppress in the Court of Common Pleas of Montgomery County. The parties agreed to use the notes of testimony from the federal hearing on the motion to suppress in *lieu* of a full second hearing in state court. The trial court denied the motion. After a stipulated bench trial, the court found Appellant guilty of one count of rape of a child. The Commonwealth *nolle prossed* the numerous remaining charges.

The trial court, noting that it had the benefit of a presentence investigation report, sentenced Appellant to a term of not less than twenty nor more than forty years of incarceration in a state correctional facility, followed by fifteen years of probation, to be served consecutively to the federal sentence. The court denied Appellant's motion for reconsideration of sentence. This timely appeal followed.[3]

Appellant presents two questions on appeal, albeit framed as narrative statements. *See* Pa.R.A.P. 2116. We reproduce both questions verbatim.

> 1. The trial court erred in denying Appellant's suppression motion as argued before the trial court on November 4, 2016, asserting, *inter alia*, that the search of Appellant's home

---

[3] Appellant filed a court-ordered statement of errors complained of on appeal on October 24, 2017. As previously noted, the trial court filed its opinion on November 29, 2017. *See* Pa.R.A.P. 1925.

- 3 -

conducted by the Department of Homeland Security failed to minimize unwarranted intrusions upon the defendant's privacy. Appellant also incorporates the issues and arguments raised during the hearing in the United States District Court for the Eastern District of Pennsylvania which this Court considered in the findings of fact and conclusion of law issued on November 8, 2016.

2. Appellant challenges the discretionary aspects of sentencing.

(Appellant's Brief, at 7).

Preliminarily, we note that in his first claim Appellant purports to incorporate by reference the issues and arguments he raised in federal court. This is a deficient procedure not compliant with our appellate rules. *See* *Commonwealth v. Rodgers*, 605 A.2d 1228 (Pa. Super. 1992), *appeal denied*, 615 A.2d 1311 (Pa. 1992):

We find these averments wholly inadequate to facilitate substantive review of the issue because an appellate brief is simply not an appropriate vehicle for the incorporation by reference of matter appearing in previously filed legal documents. *See Commonwealth v. Osteen,* 381 Pa. Super. 120, 124, 552 A.2d 1124, 1126 (1989). The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with citation to pertinent authorities. Pa.R.A.P., Rule 2119(a), 42 Pa.C.S.A. As appellant's contentions have not been appropriately developed, we deem the argument waived under *Commonwealth v. Nelson,* [567 A.2d 673, 676 (Pa. Super. 1989), *allocatur denied,* 527 Pa. 623, 592 A.2d 44 (1990)].

*Rodgers, supra* at 1239.

Accordingly, here, any issues Appellant attempted to incorporate by reference are waived. We will review only the issues Appellant actually raises in this appeal.

- 4 -

Next, we note that in his first claim Appellant complains that the Homeland Security agents who executed the search warrant "failed to minimize unwarranted intrusions" into his privacy. (Appellant's Brief, at 7). Notably, he concedes that the search warrant was valid. (*See id.* at 15). It also bears noting that Appellant fails to identify any specific invasion of his privacy (other than the discovery of more child pornography). Instead, he asserts that the execution of the search was overbroad, which he repeatedly characterizes as "rummaging." (Appellant's Brief, *passim*). We disagree.

On independent review, we conclude that Appellant's brief fails to develop a claim of identifiable trial court error, much less support it with citation to **pertinent** authority. We agree with the Commonwealth that "[Appellant's] suppression argument is less than a model of clarity. It is convoluted, rambling, and fraught with irrelevant and redundant analysis." (Commonwealth's Brief, at 6).

To cite only one example, Appellant's brief purports to review the American colonists' objection to general writs of assistance. (*See* Appellant's Brief, at 24). Within the span of two or three sentences the brief jumps from James Otis to the writings of John Adams to the debates of Patrick Henry to the bald assertion that here the search of a thumb drive was a "fishing expedition." (*Id.*).

A review of the historical antecedents in the Common Law leading up to ratification of the Fourth Amendment may be of general historical interest.[4] However, undeveloped passing references to James Otis, John Adams and Patrick Henry fail to identify trial court error here, or establish the basis for appellate relief in this case. Appellant fails to develop an argument in support of the claim raised. **See** Pa.R.A.P. 2119(a), (b), and (c). Accordingly, Appellant's claim is waived.

Moreover, Appellant's sole discernible claim would not merit relief. His repeated reliance on citation to **United States v. Stabile**, 633 F.3d 219, 239 (3d Cir. 2011), *cert. denied*, 565 U.S. 942 (2011), is misplaced.[5] Appellant maintains, in effect, that a constitutional computer search must be limited to the specific items expressly identified in the warrant. (**See** Appellant's Brief, at 21-24).

---

[4] For a succinct summary of these concepts, **see Warden, *Md. Penitentiary v. Hayden***, 387 U.S. 294, 325 (1967) (Douglas, dissenting); **see also Buonocore v. Harris**, 65 F.3d 347, 353 (4th Cir. 1995).

[5] **See Eckman v. Erie Ins. Exch.**, 21 A.3d 1203 (Pa. Super. 2011):

> At the outset we observe that it is well-settled that this Court is not bound by the decisions of federal courts, other than the United States Supreme Court, or the decisions of other states' courts. We recognize that we are not bound by these cases; however, we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law.

***Id.*** at 1207 (citations omitted).

In fact, **Stabile** concludes the virtual opposite of Appellant's assertions. *See Stabile*, *supra* at 239).  Citing numerous cases, in particular, **United States v. Burgess**, 576 F.3d 1078, 1092 (10th Cir. 2009), *cert. denied,* 558 U.S. 1097 (2009), **Stabile** concluded, "[T]here may be no practical substitute for actually looking in many (perhaps all) folders and sometimes at the documents contained within those folders, and that is true whether the search is of computer files or physical files."  *See Stabile*, *supra* at 237 (additional citations omitted).

> While [o]fficers must be clear as to what it is they are seeking on the computer and conduct the search in a way that avoids searching files of types not identified in the warrant, **a computer search may be as extensive as reasonably required to locate the items described in the warrant based on probable cause**.

**Burgess**, *supra* at 1092 (emphasis added) (citations and internal quotation marks omitted).  Appellant's first claim is waived, and would not merit relief.

In Appellant's second claim, he challenges his sentence as excessive, harsh, and not in conformity with the Sentencing Code.  (**See** Appellant's Brief, at 7, 29).  He claims the sentencing court imposed a manifestly unreasonable sentence without considering mitigating circumstances and rehabilitation factors.  (**See id.** at 33-42).  Appellant notes that he has a prior record score of zero, that he is remorseful, and willing to get professional help. Appellant adds a narrative of a troubled childhood, including gender identity and sexual orientation issues, taunting by school classmates, and a ridiculing father, all aggravated by family disputes, and ultimately, divorce.

It is well-settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *See Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

We note that here Appellant has met the first three parts of the four-prong test. Appellant filed a timely appeal. Appellant preserved the issue in a post-sentence motion. (*See* Motion to Reconsider Sentence, 8/28/17). Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. (*See* Appellant's Brief, at 30-32). Thus, we next assess whether Appellant has raised a substantial question with respect to the issue he presents.

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case

basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the Sentencing Code. **See id.** "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citations omitted).

"Where pre-sentence reports exist, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) *(*quoting **Commonwealth v. Devers***,* 519 Pa. 88, 546 A.2d 12, 18 (1988)).

Here, Appellant claims that the trial court applied the Sentencing Guidelines erroneously. (**See** Appellant's Brief, at 31).

"A claim that the sentencing court misapplied the Sentencing Guidelines presents a substantial question." *Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007) (citation omitted). Therefore, we will grant Appellant's petition for allowance of appeal and address the merits of his claim.

Our standard of review in appeals of sentencing is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008) (citation omitted).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). This Court has stated, "[A] court is required to consider the particular circumstances of the offense and the

character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005) (citation omitted). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. ***See id.***

Here, Appellant contends that the sentencing court erred because his prior record score is zero and he was remorseful. (***See*** Appellant's Brief, at 33). Appellant argues that, combining the aggregate term of incarceration imposed by the sentencing court and the sentence from the federal court, he will be required to serve fifty-six years before he is eligible for parole, by which, if he survives, he will be over eighty. (***See id.***). He observes that by agreeing to a stipulated bench trial he spared the victim, his half-sister, the trauma of testifying in court. (***See id.*** at 38).

We note at the outset of our analysis that Appellant fails to establish a proper basis for challenging his state sentence based on the federal sentence.[6] Additionally, it bears noting that Appellant was convicted of separate offenses in the two separate actions. In any event, Appellant is not entitled to a "volume discount" for his multiple offenses. ***See Commonwealth v. Prisk***,

---

[6] ***Compare United States v. Napolitan***, 830 F.3d 161, 166 (3d Cir. 2016) (holding appellant may not collaterally attack state court sentence as part of a federal sentencing challenge unless (1) he claims a ***Gideon*** [***v. Wainwright***, 372 U.S. 335 (1963)] violation, or (2) relevant federal statute or sentencing guideline expressly authorizes collateral attack).

13 A.3d 526, 533 (Pa. Super. 2011) (affirming, on differing facts, aggregate sentence of not less than six hundred thirty-three (633) to not more than one thousand five hundred (1500) years' imprisonment for systematic sexual abuse of stepdaughter over six years); *see also Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995) (appellant not entitled to a "volume discount").

In this case, after the sentencing court reviewed the presentence report and the sentencing guideline ranges, it thoroughly addressed its reasons for imposing a sentence at the top of the standard range. The court noted that "This is one of the most egregious set of circumstances I have ever had to deal with." (N.T. Sentencing, 8/18/17, at 17). The sentencing court specifically noted Appellant's inability to keep his impulses in check, and the consequent undue risk of reoffending. (*See id.* at 18). The court also expressed its concern that a lesser sentence would depreciate the seriousness of Appellant's crime. (*See id.* at 19).

On independent review of the record, we conclude that the sentencing court properly considered the relevant statutory criteria, and presented adequate reasons for imposing the instant sentence on Appellant. We discern no proper basis for disturbing the discretion of the sentencing court.

Hence, we conclude this claim lacks merit. Based on the foregoing, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/17/18</u>