**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3125
_____

UNITED STATES OF AMERICA

v.

VISHALLIE VERASAWMI,
                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:17-cr-00254-002)
Chief District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 22, 2019
_____

Before:  CHAGARES, MATEY, and FUENTES, Circuit Judges.

(Filed November 27, 2019)

_____

OPINION[*]
_____

_____

[*]     This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

CHAGARES, Circuit Judge.

Vishallie Verasawmi was convicted by a jury of one count of conspiracy to commit mail fraud and three counts of mail fraud. The District Court sentenced her to forty-eight months of imprisonment. Verasawmi now appeals her judgment of conviction and sentence. For the following reasons, we will affirm.

I.

We write solely for the parties' benefit, so our summary of the facts is brief. In the summer of 2016, Verasawmi worked with her brother to steal over one million dollars from Verasawmi's employer, Robert Wood Johnson University Hospital ("RWJ"). Verasawmi's brother set up fake vendors, and Verasawmi directed that these fake vendors be added to RWJ's accounts payable system. The two then submitted fraudulent invoices so that RWJ would pay the fake vendors that they controlled.

Subsequently, Verasawmi and her brother were charged with one count of conspiracy to commit mail fraud and three counts of mail fraud. At trial, a jury found Verasawmi and her brother guilty on all counts.

The District Court sentenced Verasawmi to forty-eight months in prison, to be followed by three years of supervised release. The District Court also ordered that Verasawmi pay $1,066,829.57 in restitution. This timely appeal followed.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

In this appeal, Verasawmi contests both her conviction and her sentence. We will address each in turn.

## A.

Verasawmi's challenge to her conviction concerns a curative instruction that the District Court gave after Verasawmi objected to a statement made by the Government during its summation at trial. In its summation, the Government highlighted a piece of evidence for the jury: a note that Verasawmi wrote on June 14, 2016 to a clerk in RWJ's accounts payable department regarding a fake vendor. See Appendix ("App.") 703. During a sidebar after the Government's summation, Verasawmi objected to the Government's reference to this note. She contended that the Government identified the note as evidence of her intent to defraud, but immediately after referred to the definition of a materially false statement, a different element of mail fraud. In Verasawmi's view, the Government's statement was improper because it suggested to the jury that the distinct elements of intent and materiality could be collapsed into one. Verasawmi thus requested a "curative instruction." App. 712.

The District Court, without deciding whether the Government's reference to Verasawmi's note was improper, agreed to give a curative instruction. The District Court proposed reminding the jurors that the court's instructions on the law controlled. Neither party objected to the District Court's suggested curative instruction. The District Court also proposed giving the instruction right away and again after closing arguments ended. The defendant did not object. But the Government made an unopposed objection to an

3

immediate curative instruction.  The District Court therefore decided to give the curative instruction only once, after closing arguments.  Following closing arguments, the District Court instructed:

> [C]losing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence. What is said in the closing arguments is not evidence. Furthermore, obviously, they have drawn to your attention perhaps certain evidence or certain views and also may reference the law.  I will remind you it is my instructions on the law that control your deliberations.

App. 771–72.

Now, on appeal, Verasawmi argues that she is entitled to a new trial because the District Court's curative instruction was insufficient.  She asserts that the content of the curative instruction was vague and confusing because it was not specifically tailored to address her objection, and that the instruction was given too late.  We disagree.

Since Verasawmi did not object to the content or timing of the District Court's curative instruction at trial, we review for plain error.  See United States v. Zehrbach, 47 F.3d 1252, 1260 & n.6 (3d Cir. 1995) (en banc); see also United States v. Brennan, 326 F.3d 176, 182 (3d Cir. 2003).  "To establish plain error, the defendant must prove that there is (1) error, (2) that is plain, and (3) that affect[s] substantial rights." United States v. Hakim, 344 F.3d 324, 328 (3d Cir. 2003) (alteration in original) (quotation marks omitted).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the

4

fairness, integrity, or public reputation of judicial proceedings." Id. (alteration in original) (quotation marks omitted).

The District Court's curative instruction was not plainly erroneous. Shortly after closing arguments ended, the District Court clearly explained that the jury should follow the court's instructions on the law, notwithstanding any statements made by the parties about the law. Contrary to Verasawmi's assertions otherwise, the District Court's curative instruction was not vague, confusing, or untimely. And even assuming arguendo that the Government's reference to Verasawmi's note was improper, the curative instruction adequately addressed Verasawmi's objection. See id. at 326 ("We generally presume that juries follow instructions given by the District Court, and the time lapse between the testimony and the curative instruction here was not long enough to overcome that presumption."). As the District Court did not plainly err, we will affirm the judgment of conviction.

B.

Next, we consider Verasawmi's challenge to her sentence. Verasawmi argues that the District Court erred at sentencing for two reasons. First, she claims that the District Court sentenced her to forty-eight months in prison to promote her rehabilitation, in violation of Tapia v. United States, 564 U.S. 319 (2011). Second, she contends that her prison sentence is substantively unreasonable. Both arguments are without merit.

1.

We start with Verasawmi's Tapia argument. Verasawmi asserts that the District Court ran afoul of Tapia by imposing a term of imprisonment for rehabilitative purposes.

5

In Tapia, the Supreme Court held that 18 U.S.C. § 3582(a) prohibits a district court from "impos[ing] or lengthen[ing] a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." 564 U.S. at 335. Verasawmi thus argues that the District Court impermissibly imposed a term of imprisonment for rehabilitative purposes by acknowledging her mental health troubles and expressing concern about her decision-making skills.

Verasawmi did not raise this argument at sentencing, so we review for plain error. United States v. Schonewolf, 905 F.3d 683, 686–87 (3d Cir. 2018). We have explained that a Tapia violation occurs when rehabilitation was "the determining factor in a prison sentence." Id. at 691. "Under this standard, rehabilitation may be a factor granted some weight in selecting a prison sentence, so long as it is not the primary or dominant consideration." Id.

Here, the District Court did not impose Verasawmi's sentence primarily based on rehabilitation. To the contrary, the District Court emphasized the seriousness of Verasawmi's conduct, her personal history and characteristics, and the need to provide just punishment for the offense. Therefore, as to the alleged Tapia violation, Verasawmi has failed to establish that the District Court plainly erred.

2.

We now turn to Verasawmi's argument that her forty-eight-month term of imprisonment is substantively unreasonable. This argument also fails.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Napolitan, 830 F.3d 161, 164 (3d Cir. 2016). In evaluating substantive

reasonableness, we consider "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).

The District Court did not abuse its discretion in imposing a forty-eight-month term of imprisonment. The prison term, nine months below the bottom of Verasawmi's advisory range under the U.S. Sentencing Guidelines, "was premised upon appropriate and judicious consideration of the relevant factors." United States v. Young, 634 F.3d 233, 237 (3d Cir. 2011) (quotation marks omitted). For example, the District Court highlighted, inter alia, the seriousness of Verasawmi's role in defrauding her employer out of over one million dollars, Verasawmi's personal history and characteristics, and the need for deterrence. We therefore cannot conclude that "no reasonable sentencing court would have imposed the same sentence on [this] particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568.

III.

For the foregoing reasons, we will affirm Verasawmi's judgment of conviction and sentence.