NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 25-2772

————————

UNITED STATES OF AMERICA

v.

KEVIN A. NEYSMITH a/k/a
Kevin Blackwood,

Appellant

————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3:23-cr-00316-001)
District Judge: Honorable Julia K. Munley

————————

Submitted under Third Circuit LAR 34.1(a)
on April 30, 2026

Before: CHAGARES, *Chief Judge*, ROTH, *Circuit Judge* and DOW[1], *District Judge*

(Opinion filed: June 9, 2026)

————————

OPINION[*]

————————

---

[1] The Honorable Robert M. Dow, Jr., District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, *Circuit Judge*

Defendant Kevin Neysmith was serving a term of Pennsylvania state parole when he was arrested for, and pleaded guilty to, federal drug and weapons charges. Neysmith now appeals from a judgment imposed by the District Court sentencing him to a 160-month Guidelines sentence, to be served consecutively—rather than concurrently—to his 24-month state parole revocation sentence. Because Neysmith's sentence was not an abuse of the District Court's discretion, we will affirm.

**I.**

In September 2022, members of the Lackawanna County Drug Task Force arrested Neysmith in Moosic, Pennsylvania during a pre-arranged drug sale with a confidential informant. After searching Neysmith's person and obtaining a warrant to search his vehicle, investigators seized various amount of methamphetamine, cocaine, fentanyl, and heroin, along with a loaded, unregistered 9mm semi-automatic pistol. At the time of his arrest, Neysmith was serving a term of Pennsylvania state parole for a previous drug conviction.

In December 2023, the government charged Neysmith with possession of controlled substances with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).[2] In April 2025, Neysmith pleaded guilty to the charges pursuant to a written plea agreement.

---

[2] The government also charged Neysmith with illegal possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2), which was dismissed as part of his guilty plea.

2

Based on his criminal history category and offense level, the aggregate Guidelines range for Neysmith's offenses was 160–185 months, with a mandatory minimum term of 120 months. At sentencing, Neysmith did not move for a departure, but requested that the court consider running his federal sentence concurrent to his 24-month state imprisonment sentence for violating his parole.[3] The District Court sentenced Neysmith to a low-end Guidelines sentence of 160 months' imprisonment. The court also rejected Neysmith's request that his federal sentence run concurrent to his state sentence, explaining that the state court had found that the two sentences should run consecutively, and that it wanted to leave the state court's finding in place. Neysmith appealed.

## II.[4]

We review criminal sentences for both procedural and substantive reasonableness,[5] and apply an abuse-of-discretion standard to both inquiries.[6] When reviewing for procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

---

[3] Although not binding on the District Court, Neysmith's state parole revocation sentence notes that his state sentence should run consecutive to the instant federal offense.
[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 2742(a).
[5] *United States v. Douglas*, 885 F.3d 145, 150 (3d Cir. 2018).
[6] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

chosen sentence[.]"[7]  "Absent significant procedural error, 'we will affirm the sentence as substantively reasonable unless no reasonable sentencing court would have imposed the same sentence on the particular defendant for the reasons the district court provided.'"[8]

**III.**

Neysmith argues that his sentence was procedurally and substantively unreasonable because the District Court failed to substantiate the consecutive nature of his federal sentence based on its analysis of the § 3553(a) factors.  We disagree.

Our review of the record demonstrates that the District Court committed no procedural error when imposing Neysmith's sentence.  The District Court correctly calculated the applicable Guidelines range for both pleaded offenses, and neither Neysmith nor the government moved for any departure from the applicable Guidelines range.  The District Court also properly considered the § 3553(a) factors and adequately explained its reasons for imposing a Guidelines sentence, including its consecutive nature.  Accordingly, the District Court's sentence was procedurally sound.

Having found that the District Court's procedure "passes muster,"[9] we also conclude that Neysmith's sentence was not substantively unreasonable.  As the party challenging the

---

[7] *Gall v. United States*, 552 U.S. 38, 51 (2007) (citing the factors enumerated in 18 U.S.C. 3553(a)).  *See also United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (explaining our Court's three-step sentencing process to establish procedural reasonableness as:  (1) calculate a defendant's Guidelines range, (2) rule on any departure motions, and (3) consider the § 3553(a) factors when imposing sentence).

[8] *Douglas*, 885 F.3d at 145 (quoting *Tomko*, 562 F.3d at 568) (cleaned up); *see also United States v. Napolitan*, 830 F.3d 161, 164 (3d Cir. 2016) (applying abuse of discretion standard to review of a district court's decision to run a federal sentence consecutively to a state court sentence).

[9] *Tomko*, 562 F.3d at 567.

4

sentence, Neysmith has the burden of demonstrating that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[10] He has failed to do so here. For one matter, we presume reasonable a sentence that falls within the applicable Guidelines range,[11] and Neysmith has not argued anything to the contrary. Moreover, the commentary for U.S.S.G. § 5G1.3— the same provision to which Neysmith refers to justify the unreasonableness of his sentence—actually recommends that courts sentence defendants to consecutive sentences when the defendant was on parole at the time of the instant offense and had his parole revoked:

> Subsection (d) (Policy Statement)
> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.
>
> Application Notes
> Subsection (d) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 3 and subsection (f) of §7B1.3 (Revocation of Probation), **the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.**[12]

The decision to order a federal sentence to run consecutively or concurrent to a state sentence falls within a judge's discretion,[13] and the District Court properly applied its

---

[10] *Id*. at 568.
[11] *United States v. Pawlowski*, 27 F.4th 897, 912 (3d Cir. 2022).
[12] U.S.S.G. § 5G1.3(d), cmt. 4(C) (emphasis added).
[13] *See Setser v. United States*, 566 U.S. 231, 236, 239–240 (2012).

discretion when it imposed a consecutive sentence. A defendant seeking to establish that his sentence was substantively unreasonable must demonstrate that no reasonable sentencing court would have imposed the same sentence, not merely that he was unsatisfied with the District Court's reasoning for imposing a consecutive sentence. Accordingly, we find that Neysmith's sentence was not substantively unreasonable.

## IV.

Because Neysmith cannot show that any part of his sentence was unreasonable, we will affirm.[14]

---

[14] The government also argues that we should apply plain error review because Neysmith did not object at sentencing to the District Court's analysis. But because Neysmith's appeal fails under an abuse-of-discretion standard, we need not decide whether his challenge should be subject to plain error review. *See United States v. Fountain*, 792 F.3d 310, 320 n.7 (3d Cir. 2015).